THOMAS P. OLSON (pro hac vice)
WILMER, CUTLER & PICKERING
2445 M Street, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
*Attorneys for Viacom, Disney & NBC Plaintiffs*

ROBERT M. SCHWARTZ (Cal. Bar No. 117166)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779
*Attorneys for Time Warner Plaintiffs*

SCOTT P. COOPER (Cal. Bar No. 96905)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
*Attorneys for MGM, Fox & Universal Plaintiffs*

ROBERT H. ROTSTEIN (Cal. Bar No. 72452)
McDERMOTT, WILL & EMERY
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
Telephone: (310) 284-6101
Facsimile: (310) 277-4730
*Attorneys for Columbia Plaintiffs*

[Full counsel appearances on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, *et al.*, | Case No. CV 01-9358 FMC (Ex) |
| Plaintiffs, | PLAINTIFFS' EX PARTE APPLICATION FOR A STAY OF CERTAIN PORTIONS OF APRIL 26, 2002 DISCOVERY ORDER TO PERMIT RESOLUTION OF APPEAL TO THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS P. OLSON; [~~PROPOSED~~] ORDER |
| v. | |
| REPLAYTV, INC. *et al.*, | |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | |

ENTERED ON ICMS

MAY 16 2002

CV

ORIGINAL

1        The Plaintiffs in these four consolidated cases (collectively, "Plaintiffs")

2   respectfully submit this ex parte application to stay certain portions of the April 26,

3   2002 order of Magistrate Judge Eick on Defendants' Motion to Compel Discovery

4   (the "Discovery Order"), pending the resolution of Plaintiffs' motion for review of

5   the Discovery Order, filed concurrently herewith and set for hearing on June 3,

6   2002.  Specifically, Plaintiffs respectfully request that, pending the resolution of

7   Plaintiffs' motion for review, the Court stay any obligation on Plaintiffs to comply

8   with the Discovery Order insofar as it pertains to the following five categories of

9   documents and information:

10       1.    Confidential Financial Documents (Replay Document

11            Requests Nos. 27-34 and 36-41 and Replay Interrogatory

12            Nos. 1-2);

13       2.    Confidential Business Plans (Replay Document Requests

14            Nos. 43 and 45-48 and SONICblue Document Requests

15            Nos. 1, 5 and 33);

16       3.    Documents Relating to "MovieFly" (Now "Movielink")

17            and Movies.com (SONICblue Document Requests Nos. 12

18            and 14-17);

19       4.    Certain documents and information relating to lobbying

20            (Replay Document Requests Nos. 53, 54 and 56 and

21            Replay Interrogatory Nos. 11(f) and 14); and

22       5.    Documents and information prior to the year 1992 (Replay

23            Document Request Nos. 7, 11, 17, 19, 24, 27-34, 36-41,

24            43, 45-48, 50, 53-56 and Replay Interrogatory Nos. 1-3

25            and 14).

26       Good cause exists to grant the limited stay sought by this application,

27  because Plaintiffs' appeal of these five components of the Discovery Order will be

28  rendered moot if a stay is not entered, thereby depriving Plaintiffs of the Court's

75199.WPD                                          2

1 review of Magistrate Judge Eick's rulings.  The Discovery Order requires that

2 Plaintiffs comply with its terms no later than May 28, 2002, by which time

3 Plaintiffs' appeal will not yet have been heard.  The limited stay Plaintiffs seek, to

4 facilitate the Court's review of the Discovery Order before compliance with that

5 order is required, would not unduly impede the progress of discovery or otherwise

6 delay the preparation of these cases for trial.  On the contrary, Plaintiffs intend to

7 respond to the vast majority of the document requests and interrogatories

8 addressed in the Discovery Order, and seek a stay only with respect to the

9 relatively few document requests and interrogatories that are the subject of

10 Plaintiffs' pending appeal to the Court.

11 As set forth in the attached declaration of Thomas P. Olson, Plaintiffs

12 have requested that Defendants stipulate to the stay sought by this application, so

13 as to avoid the necessity for the Court's intervention.  Defendants refused to do so

14 unless Plaintiffs would stipulate to a delay of the pretrial deadlines established by

15 the Court only two weeks ago, regardless of the outcome of their appeal of the

16 Discovery Order.  Accordingly, on Monday, May 6, Plaintiffs advised defendants'

17 counsel of their intention to file this application.

18 Plaintiffs' request for a limited stay of the Discovery Order is and will be

19 based on this application, the attached memorandum of points and authorities and

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

75199.WPD

3

declaration of Thomas P. Olson, the pleadings and other papers on file in this

litigation, and on such further evidence and argument as the Court may consider.

Dated: May **10**, 2002    White O'Connor Curry Gatti & Avanzado  LLP
Andrew M. White
Jonathan H. Anschell
Lee S. Brenner

Wilmer, Cutler & Pickering
Thomas P. Olson
Randolph D. Moss
Peter B. Rutledge

By: _____
Andrew M. White

[Full counsel appearances to follow]

75199.WPD

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF PERTINENT FACTS

On April 26, 2002, Magistrate Judge Eick ruled on Defendants' motion to compel production of documents and responses to interrogatories, and issued the Discovery Order. The Discovery Order requires that Plaintiffs provide answers to a number of defendants' interrogatories, and produce documents responsive to a number of defendants' document requests, on or before May 28, 2002. Plaintiffs are not seeking reconsideration of most aspects of the Discovery Order and are already in the process of gathering the necessary documents and information in order to do everything possible to comply timely with all aspects of the Discovery Order not being appealed. At the same time, Plaintiffs seek the Court's review of certain aspects of the Discovery Order, which Plaintiffs believe to be unduly burdensome and invasive of confidentiality, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

The stay sought by this application is necessary to preserve Plaintiffs' right to have the Court review Magistrate Judge Eick's rulings. Because the Discovery Order's compliance deadline of May 28, 2002 will fall before the June 3, 2002 hearing on Plaintiffs' appeal of the Discovery Order, the appeal will be rendered moot if a stay is not entered. The federal courts regularly grant such stays as the only appropriate means of preserving the status quo and avoiding injustice to the party seeking reconsideration of such an order.

In contrast to the prejudice Plaintiffs would suffer if their appeal of the Discovery Order were rendered moot in the absence of a stay, the entry of a stay would not cause any prejudice. If the Court affirms the challenged portions of the Discovery Order, Defendants will receive the documents and interrogatory responses in question, and will lose absolutely nothing. Nor will a brief stay cause any meaningful delay in the parties' completion of discovery or preparation for trial. Of the numerous interrogatories and documents requests addressed in the Discovery

75199.WPD

1  Order, only a limited number would be affected by the stay sought by this
2  application.  Of course, if the Court reverses the challenged portions of the
3  Discovery Order, the completion of discovery will not be delayed in the slightest.

4       This application seeks nothing more than the protection of a procedure to
5  which Plaintiffs are entitled as a matter of law – namely, the Court's oversight of
6  Magistrate Judge Eick's administration of the discovery process.  Plaintiffs
7  respectfully request that the Court rule accordingly.

## II.  ARGUMENT

9       A non-dispositive pretrial order of a magistrate judge is subject to the
10 district court's review, and will be reversed if it is "clearly erroneous or contrary to
11 law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); Central District Local
12 Magistrate Rule 3.3.1. "The district court is in an 'appellate' role when reviewing
13 the magistrate's findings and recommendations; its function is to correct those
14 findings made by the magistrate when the litigant has identified a possible error."
15 *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).  In the exercise of its
16 appellate function, a district court applies a "clearly erroneous" standard to a
17 magistrate judge's findings of fact, but must conduct a *de novo* review of the
18 magistrate judge's legal conclusions to determine whether they are contrary to law.
19 *Wolpin v. Phillip Morris Co.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999).

20      The right to appeal a magistrate judge's discovery order is effectively lost
21 if a party is required to comply with the order before an appeal can be heard,
22 because compliance, by definition, renders the appeal moot. *Office of Thrift*
23 *Supervision v. Dobbs*, 931 F.2d 956, 957 (D.C. Cir. 1991) ("Numerous courts have
24 held that an appeal from enforcement of a subpoena becomes moot once the party
25 has complied with the subpoena"); *In re Grand Jury Subpoena Dated June 5, 1985*,
26 825 F.2d 231, 234 (9th Cir. 1987) (appeal of order requiring disclosure of documents
27 is moot where "the cat has been out of the bag"); *SEC v. Laird*, 598 F.2d 1162, 1163
28 (9th Cir. 1979) (appeal regarding subpoenas was moot where "those complaining did

1   in fact appear pursuant to the subpoenas and testified and produced the documents in

2   question.").

3          The courts have explained that the issuance of a temporary stay of a

4   discovery order is the appropriate remedy to avoid the problem of mootness and

5   preserve a party's right to district court review of a magistrate judge's rulings.

6   Indeed, the court in *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D.

7   Colo. 2001) held that an aggrieved party should have sought such a stay to prevent

8   its appeal from becoming moot: "Nothing, of course, prevents a party in an

9   appropriate case from seeking a stay of the effect of a magistrate judge's order.

10  Upon an adequate showing, such a stay would no doubt be granted by either the

11  magistrate judge or the district judge." Similarly, in *Cohn v. Taco Bell Corp.*, 147

12  F.R.D. 154, 156 (N.D. Ill. 1993), the court held that, to avoid mooting its district

13  court appeal of a magistrate judge's order, "Defendant could have attempted to

14  temporarily avoid compliance with the order by . . . independently moving the court

15  for a stay of the [magistrate's] order."

16         The same reasoning amply warrants the stay Plaintiffs request in this case.

17  As explained at length in Plaintiffs' Motion for Review and Reconsideration of

18  Magistrate Judge's Discovery Order, the document requests and interrogatories at

19  issue threaten the confidentiality of extremely valuable and proprietary business

20  information, or require herculean search efforts, while far exceeding the bounds of

21  relevance to the issues in this litigation. Denial of a stay would leave Plaintiffs on

22  the horns of a truly untenable dilemma – either comply with the Discovery Order,

23  thereby waiving their rights and mooting their appeal, or defy the Discovery Order

24  and risk being held in contempt.

25         Issuance of a stay would avert this result, while requiring no adjustment of

26  the pretrial deadlines established by the Court only two weeks ago. Indeed, if the

27  Court reverses the aspects of the Discovery Order at issue in Plaintiffs' motion for

28  review, then there will be no delay whatsoever in the discovery process. To

75199.WPD                                    7

1    conclude that a stay will necessitate other delay (as Defendants insisted in response

2    to Plaintiffs' attempt to consensually resolve the issue of a stay) would effectively

3    pre-judge Plaintiffs' appeal of the Discovery Order. While the need for a stay is

4    clear and present, any adjustment of other pending dates and deadlines should await

5    resolution of the appeal.

6                              **III.  CONCLUSION**

7            For the foregoing reasons, Plaintiff respectfully request that the Court grant

8    their application for a limited stay of the Discovery Order.

9    Dated: May _10_, 2002        White O'Connor Curry Gatti & Avanzado  LLP
                                   Andrew M. White
10                                 Jonathan H. Anschell
                                   Lee S. Brenner
11
                                   Wilmer, Cutler & Pickering
12                                 Thomas P. Olson
                                   Randolph D. Moss
13                                 Peter B. Rutledge

14

15                                 By:_____
                                          Andrew M. White
16
     [Full counsel appearances to follow]
17

18

19

20

21

22

23

24

25

26

27

28

75199.WPD                              8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THOMAS P. OLSON
RANDOLPH D. MOSS
PETER B. RUTLEDGE
WILMER, CUTLER & PICKERING

-and-

ANDREW M. WHITE
JONATHAN H. ANSCHELL
LEE S. BRENNER
WHITE  O'CONNOR CURRY GATTI
& AVANZADO LLP

Attorneys for Plaintiffs Paramount
Pictures Corporation, Disney
Enterprises, Inc., National Broadcasting
Company, Inc., NBC Studios, Inc.,
Showtime Networks Inc., the United
Paramount Network, ABC, Inc., Viacom
International Inc., CBS Worldwide Inc.,
and CBS Broadcasting, Inc.


JON A. BAUMGARTEN
SCOTT P. COOPER
FRANK P. SCIBILIA
SIMON BLOCK
TANYA L. FORSHEIT
PROSKAUER ROSE LLP

Attorneys for Plaintiffs Metro-Goldwyn-
Mayer Studios Inc., Orion Pictures
Corporation, Twentieth Century Fox
Film Corporation, Universal City Studios
Productions, Inc., and Fox Broadcasting
Company

ROBERT M. SCHWARTZ
ALAN RADER
MARK A. SNYDER
KENYON WOOLLEY

-and-

RONALD L. KLAIN
O'MELVENY & MYERS LLP

Attorneys for Plaintiffs Time Warner
Entertainment Company, L.P.,
Home Box Office, Warner Bros.,
Warner Bros. Television, Time
Warner Inc., Turner Broadcasting
System, Inc., New Line Cinema
Corporation, Castle Rock
Entertainment, and The WB
Television Network Partners L.P.


ROBERT H. ROTSTEIN
LISA E. STONE
ELIZABETH L. HISSERICH
McDERMOTT, WILL & EMERY

Attorneys for Plaintiffs Columbia
Pictures Industries, Inc., Columbia
Pictures Television, Inc., Columbia
TriStar Television, Inc, and TriStar
Television, Inc.

## DECLARATION OF THOMAS P. OLSON

I, Thomas P. Olson, declare:

1. I am an attorney admitted to appear in this action *pro hac vice*, and am a partner in the law firm of Wilmer, Cutler and Pickering, counsel to Plaintiffs Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., the United Paramount Network, ABC, Inc., Viacom International, Inc., CBS Worldwide Inc., and CBS Broadcasting Inc..

2. I attach hereto, as Exhibit A, a true and correct copy of the order issued on April 26, 2002 by Magistrate Judge Eick on Defendants' Motion to Compel Discovery (the "Discovery Order").

3. On Monday, May 6, 2002, I spoke by telephone with Emmett Stanton, counsel of record for the Defendants in this litigation. During that telephone conversation, I requested that Defendants stipulate to a limited stay of the Discovery Order, pending the resolution of Plaintiffs' appeal to the Court of certain aspects of that order. Mr. Stanton refused to agree to such a stay, unless Plaintiffs would stipulate to a delay of the pending trial date and discovery cut-off. I advised Mr. Stanton that Plaintiffs could not stipulate to delay the trial or discovery cut-off, and that Plaintiff would be filing an ex parte application this week for a stay of certain aspects of the Discovery order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2002 at Washington, D.C.

_Thomas P Ols_

THOMAS P. OLSON

10

75185.WPD

PLAINTIFFS' EX PARTE APPLICATION

EXHIBIT "A"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Priority     ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Case No. CV 01-9358-FMC (Ex)                              Date:   April 26, 2002

Title: PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

DOCKET ENTRY

PRESENT:

HON.  CHARLES F. EICK, JUDGE

STACEY HAMILTON                                    N/A
    DEPUTY CLERK                                COURT REPORTER

ATTORNEYS PRESENT FOR PLAINTIFFS          ATTORNEYS PRESENT FOR DEFENDANTS:

        None                                          None

                        ENTERED ON ICMS

                          APR 29 2002

PROCEEDINGS:    (IN CHAMBERS)                        (Page 1 of 4)
                          CV

        The Court has read and considered all papers filed in support of and in opposition to
"Defendants' Motion to Compel Discovery" ("the Motion"), filed April 2, 2002.  The Court heard
oral argument on April 23, 2002.

        Plaintiffs shall conduct a reasonable, diligent, good faith search for documents and
information within their possession, custody or control, responsive to the document requests and
interrogatories referenced herein.  Then, within thirty (30) days of the date of this order, Plaintiffs
shall produce all non-privileged documents (including drafts) responsive to the document requests
referenced herein and shall answer the interrogatories referenced herein.

        To the extent the Court now orders production and answers, the Court has found: (a) the
subject discovery is "relevant" within the meaning of Rule 26(b)(1) of the Federal Rules of Civil
Procedure; (b) Plaintiffs have failed to carry their burden of establishing that the subject discovery is
unduly burdensome and otherwise have failed to demonstrate "good cause" for a protective order;
(c) the discovery sought should not otherwise be limited under Rule 26(b)(2) of the Federal Rules of
Civil Procedure; and (d) the asserted objections should be overruled.

79

MINUTES FORM 11                                    Initials of Deputy Clerk
CIVIL-GEN                          D-H

EXHIBIT A                    011

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES-GENERAL**

Case No. <u>CV 01-9358-FMC (Ex)</u>                    Date: <u>April 26, 2002</u>

Title: <u>PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.</u>

---

**DOCKET ENTRY**

---

**PRESENT:**

    HON.  **CHARLES F. EICK**, JUDGE

       <u>STACEY HAMILTON</u>           <u>N/A</u>
        DEPUTY CLERK              COURT REPORTER

**ATTORNEYS PRESENT FOR PLAINTIFFS**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

        None                       None

**PROCEEDINGS:**   **(IN CHAMBERS)**            **(Page 2 of 4)**

      The document requests and interrogatories "referenced herein" are: ReplayTV Document Request No. 1 (limited to documents pertaining to commercial avoidance behavior); ReplayTV Document Request No. 7; ReplayTV Document Request No. 11; ReplayTV Document Request No. 2 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 10 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 12 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 15 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 26; ReplayTV Document Request No. 4; ReplayTV Document Request No. 17; ReplayTV Document Request No. 5 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 13 (limited to January 1, 1992 to the present); ReplayTV Document Request No. 27; ReplayTV Document Request No. 28; ReplayTV Document Request No. 29; ReplayTV Document Request No. 30; ReplayTV Document Request No. 31; ReplayTV Document Request No. 32; ReplayTV Document Request No. 33; ReplayTV Document Request No. 34; ReplayTV Document Request No. 36; ReplayTV Document Request No. 37; ReplayTV Document Request No. 38; ReplayTV Document Request No. 39; ReplayTV Document Request No. 40; ReplayTV Document Request No. 41; ReplayTV Document Request No. 50; ReplayTV Interrogatory No. 1; ReplayTV Interrogatory No. 2; ReplayTV Interrogatory No. 3; ReplayTV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No. CV 01-9358-FMC (Ex)          Date:  April 26, 2002

Title:  PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

## DOCKET ENTRY

PRESENT:

HON.  **CHARLES F. EICK**, JUDGE

STACEY HAMILTON                          N/A
DEPUTY CLERK                             COURT REPORTER

ATTORNEYS PRESENT FOR PLAINTIFFS      ATTORNEYS PRESENT FOR DEFENDANTS:

None                                      None

PROCEEDINGS:   (IN CHAMBERS)              (Page 3 of 4)

Document Request No. 51; ReplayTV Document Request No. 52; SONICblue Document Request No. 12; SONICblue Document Request No. 14 (limited to documents constituting such SONICblue Document Request No. 15; SONICblue Document Request No. 16 (limited to all documents reflecting the identified subject matters); SONICblue Document Request No. 17 (limited to documents constituting such licenses, agreements or communications); ReplayTV Document Request No. 64 (limited to documents constituting such communications); ReplayTV Document Request No. 65 (limited to documents sufficient to show such investments or loans); ReplayTV Document Request No. 24; ReplayTV Interrogatory No. 9 to Paramount, MGM and Columbia; SONICblue Document Request No. 35 to MGM; SONICblue Interrogatory No. 29 to MGM and Columbia; ReplayTV Document Request No. 66; SONICblue Interrogatory No. 8 (excluding consultative experts retained in connection with this litigation); SONICblue Interrogatory No. 9; ReplayTV Document Request No. 18; ReplayTV Interrogatory No. 6; ReplayTV Interrogatory No. 7; and SONICblue Document Request No. 2.

For purposes of the discovery ordered herein, the term "commercial advance" shall be interpreted in accordance with Defendants' definition of the term.

MINUTES FORM 11
CIVIL-GEN                         D-M                    Initials of Deputy Clerk

013

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

SCANNED

Case No. CV 01-9358-FMC (Ex)          Date: April 26, 2002

Title: PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

**DOCKET ENTRY**

**PRESENT:**

      HON.  **CHARLES F. EICK**, JUDGE

        STACEY HAMILTON               N/A
        DEPUTY CLERK              COURT REPORTER

**ATTORNEYS PRESENT FOR PLAINTIFFS**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

        None                          None

**PROCEEDINGS:**   **(IN CHAMBERS)**           (Page 4 of 4)

       To the extent the parties still cannot agree regarding the disputes set forth under XVIII of the Joint Stipulation (pp. 151-162), the disputes shall be resolved in accordance with the positions advocated by Defendants.

       To the extent Defendants previously agreed or subsequently agree to limit the scope of any of the discovery requests referenced herein, the scope of this order is limited correspondingly.

       Except as expressly stated herein, the Motion is denied. However, the Court expects that, within the same time frame established by this order, Plaintiffs will fulfill all of their prior promises to provide discovery pertaining to the subject matter of the Motion.

       Any party seeking review of this order shall cause the preparation and filing of a transcript of the April 23, 2002 hearing.

    cc:    Judge Cooper
           All Counsel of Record

MINUTES FORM 11
CIVIL-GEN                     D-M                 Initials of Deputy Clerk _____

014

Date Transmitted          4/29/02 11:59:40 AM

2:01-CV-09358

Andrew M White
White O'Connor Curry Gatti & Avanzado
10100 Santa Monica Blvd, Ste 2300
Los Angeles, CA   90067-0000

Number of Pages:       4

*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

PROPOSED  ORDER

1 THOMAS P. OLSON (pro hac vice)
  WILMER, CUTLER & PICKERING
2 2445 M Street, NW
  Washington, DC  20037
3 Telephone:  (202) 663-6000
  Facsimile: (202) 663-6363
4 *Attorneys for Viacom, Disney & NBC Plaintiffs*

5 ROBERT M. SCHWARTZ (Cal. Bar No. 117166)
  O'MELVENY & MYERS LLP
6 1999 Avenue of the Stars, Seventh Floor
  Los Angeles, California 90067-6035
7 Telephone:  (310) 553-6700
  Facsimile:  (310) 246-6779
8 *Attorneys for Time Warner Plaintiffs*

9 SCOTT P. COOPER (Cal. Bar No. 96905)
  PROSKAUER ROSE LLP
10 2049 Century Park East, Suite 3200
   Los Angeles, CA 90067
11 Telephone:  (310) 557-2900
   Facsimile:  (310) 557-2193
12 *Attorneys for MGM, Fox & Universal Plaintiffs*

13 ROBERT H. ROTSTEIN (Cal. Bar No. 72452)
   McDERMOTT, WILL & EMERY
14 2049 Century Park East, 34th Floor
   Los Angeles, CA 90067
15 Telephone:  (310) 284-6101
   Facsimile:  (310) 277-4730
16 *Attorneys for Columbia Plaintiffs*

17                    UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19 PARAMOUNT PICTURES<br>CORPORATION *et al.*, | Case No. CV 01-9358 FMC (Ex) |
| 20          Plaintiffs, | [PROPOSED] ORDER GRANTING<br>PLAINTIFFS' EX PARTE |
| 21          v. | APPLICATION FOR A STAY OF<br>CERTAIN PORTIONS OF APRIL 26,<br>2002 DISCOVERY ORDER TO |
| 22 REPLAYTV, INC. *et al.*, | PERMIT RESOLUTION OF APPEAL<br>TO THE COURT |
| 23          Defendants. | |
| 24 | |
| 25 AND CONSOLIDATED ACTIONS | |
| 26 | |

27

28

75201.WPD

016

This Court, having considered the Ex Parte Application of plaintiffs Time Warner Entertainment Co., L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, the WB Television Network Partners L.P., Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions, Inc., Fox Broadcasting Company, Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., The United Paramount Network, ABC, Inc., Viacom International Inc., CBS Worldwide Inc., CBS Broadcasting Inc., Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia Tristar Television, Inc. and Tristar Television, Inc. (collectively, "Plaintiffs") for a Stay of Certain Portions of April 26, 2002 Discovery Order to Permit Resolution of Appeal to the Court, having considered the evidence and argument submitted in support of and opposition to the Ex Parte Application, and finding good cause therefor, hereby ORDERS, ADJUDGES and DECREES that:

1. Plaintiffs' Ex Parte Application for a Stay of Certain Portions of April 26, 2002 Discovery Order (the "Discovery Order") is granted;

2. Pending resolution of Plaintiffs' Motion for Review and Reconsideration of Magistrate Judge's Discovery Order, currently set for hearing on June 3, 2002, the Court hereby stays any obligation on Plaintiffs to comply with the Discovery Order insofar as it pertains to the following five categories of documents and information:

   a. Confidential Financial Documents (Replay Document Requests Nos. 27-34 and 36-41 and Replay Interrogatory Nos. 1-2);

   b. Confidential Business Plans (Replay Document Requests Nos. 43 and 45-48 and SONICblue Document Requests Nos. 1, 5 and 33);

c.  Documents Relating to "MovieFly" (Now "Movielink") and Movies.com (SONICblue Document Requests Nos. 12 and 14-17);

d.  Certain documents and information relating to lobbying (Replay Document Requests Nos. 53, 54 and 56 and Replay Interrogatory Nos. 11(f) and 14); and

e.  Documents and information prior to the year 1992 (Replay Document Request Nos. 7, 11, 17, 19, 24, 27-34, 36-41, 43, 45-48, 50, 53-56 and Replay Interrogatory Nos. 1-3 and 14).

IT IS SO ORDERED.

Dated: _May 14_, 2002

FLORENCE-MARIE COOPER
United States District Court Judged

Presented by:

WHITE O'CONNOR CURRY GATTI & AVANZADO LLP
Andrew M. White
Jonathan H. Anschell
Lee S. Brenner

By: _____
LEE S. BRENNER
Attorneys for Plaintiffs Paramount Pictures
Corporation, DisneyEnterprises, Inc., National
Broadcasting Company, Inc., NBC Studios, Inc.,
Showtime Networks Inc., the United Paramount
Network, ABC, Inc., Viacom International, Inc.,
CBS Worldwide Inc., CBS Broadcasting Inc.

75201.WPD

3

018

## PROOF OF SERVICE

1

2       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 10100 Santa Monica Boulevard, Los Angeles,

3   California 90067.

4       I served the below listed document described as: **PLAINTIFFS' EX PARTE APPLICATION FOR A STAY OF CERTAIN PORTIONS OF APRIL 26, 2002 DISCOVERY ORDER TO PERMIT**

5   **RESOLUTION OF APPEAL TO THE COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS P. OLSON; [PROPOSED] ORDER** on May 10,

6   2002 , on all other parties to this action by delivering a ☒ true copy ☐ original of the above document to the parties listed below as follows:

7

### SEE ATTACHED SERVICE LIST

8

9   **X**    **BY FACSIMILE:** I caused the foregoing document to be served by facsimile transmission from sending facsimile machine number (310) 712-6199 to each interested party listed above at the facsimile machine telephone number shown.  Each transmission was reported as complete and without error.  A

10   transmission report was properly issued by the sending facsimile machine for each interested party served.

11       **BY E-MAIL:** I caused the foregoing document to be served by e-mail to each interested party listed herein, at the e-mail addresses shown thereat.

12

13   **X**    **BY MAIL:** I caused the foregoing document to be served by mail by placing such envelope addressed as above with postage thereon fully prepaid for deposit in the United States mail in accordance

14   with the office practice of White O'Connor Curry Gatti & Avanzado LLP for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice

15   of White O'Connor Curry Gatti & Avanzado LLP for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the

16   White O'Connor Curry Gatti & Avanzado LLP personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

17

18       **BY FEDERAL EXPRESS**, I caused to be served, via **Priority** delivery, by depositing for Federal Express courier daily pick-up service at our offices.

19       **BY HAND**: I placed a true and correct copy thereof in a sealed envelope and instructed a messenger to hand deliver said envelope(s) to the address(es) noted above.

20       Executed on May 10, 2002 at Los Angeles, California.

21

22   ☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

   Kathleen Smith

24   (Type or print name)                (Signature)

25

26

27

28

73965.WPD

## SERVICE LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lawrence F. Pulgram
Fenwick & West LLP
Embarcadero Center West
275 Battery Street, Suite 1500
San Francisco, CA 94111
Facsimile: (415) 281-1350

Scott P. Cooper
Simon Block
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3260
Facsimile: (310) 557-2193

Ronald L. Klain
Goodwin Liu
O'Melveny & Myers LLP
555 13 Street N.W. , Suite 500 West
Washington, D.C. 20004-1109
Facsimile: (202) 383-5414

Robert H. Rotstein
Lisa E. Stone
McDermott, Will & Emery
2049 Century Park East, 34th Floor
Los Angeles, CA 90067-3208
Facsimile: (310) 277-4730

Robert M. Schwartz
Mark A. Snyder
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Facsimile: (310) 246-6779

Jon A. Baumgarten
Proskauer Rose LLP
1233 20th Street N.W.
Suite 800
Washington, D.C. 20036-2396
Facsimile: (202) 416-6899

Frank P. Scibilia
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299
Facsimile: (212) 969-2900

Emmett C. Stanton
Fenwick & West LLP
Two Palo Alto Square
Palo Alto, CA 94306
Facsimile: (650) 494-1417



73965.WPD