



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PARAMOUNT PICTURES CORPORATION, et al.,

     Plaintiff,

vs.

REPLAY TV, et al.,

     Defendants.

CV 01-9358 FMC (Ex)

ORDER ON PARTIES' MOTIONS FOR REVIEW OF MAGISTRATE JUDGE'S DISCOVERY ORDER OF APRIL 26, 2002

This case is before the Court on the parties' requests for review of the Magistrate Judge's Discovery Order of April 26, 2002. The Court deems these matters suitable for resolution without oral argument, and the hearing set for June 3, 2002, is off calendar.

## I. Order re Customer Use Data Collection:

### A. Documents Considered:

In connection with this motion, the Court has read and considered the following documents:

  *Defendants' memorandum in support of objections and motion for review
  *Declaration of Laurence F. Pulgram
  *Defendants' objections to Declaration of Craig O. Thomas
  *Plaintiffs' memorandum in opposition
  *Declaration of Simon Block in opposition
  *Defendants' reply memorandum
  *Brief of Technology Industry, *Amici Curiae,* in support of defendant's motion

141

*Plaintiffs' response to the brief of Technology Industry
*Brief of Liberties and Consumer Groups, *Amici Curiae,* in support of
defendants' motion.
*Transcript of oral argument conducted April 23, 2002.

B. *Standard of Review:*

The Court has not considered the declaration of Craig O. Thomas in opposition to defendants' motion, because that declaration was not considered by, nor even presented to, the Magistrate Judge. This Court's function, on a motion for review of a magistrate judge's discovery orders, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law. *Bhan v. Hospitals, Inc.,* (9th Cir. 1991) 929 F.2d. 1404, 1414; F.R.C.P. 72(a); 28 USC §636(b)(1)(A). Therefore, parties objecting to a magistrate judge's order may not present affidavits containing evidence not presented below. *Paddington Partners v. Bouchard,* (2nd Cir. 1994) 34 F.3d. 1132, 1137-8.

The Court sustains the defendants' objection to the Thomas declaration, because it was not part of the record before the Magistrate Judge. The Court has, for the same reason, not considered the Supplemental and Reply declarations of Philippe Pignon.

C. *Order Reviewed:*

The Magistrate Judge ordered defendants, within 60 days, to "do that which Plaintiffs sought to be ordered at page 43, line 7 through page 44, line 10 of the Joint Stipulation..." By the terms of that order, therefore, defendants are required to:

(1) take the steps necessary to use their broadband connections with ReplayTV 4000 customers to gather all available information about how users of the ReplayTV employ the devices, including all available

information about what works are copied, stored, viewed with commercials omitted, or distributed to third parties with the ReplayTV 4000, when each of those events took place, and the like;

(2) implement Defendants' offer to collect available data from a second source – the MyReplayTV.com web site – about how users of the RepayTV employ the devices, but for all time periods for which that data can be collected, rather than just for a short period;

(3) provide the foregoing data to Plaintiffs in a readily understandable electronic format and provide any technical assistance that may be necessary for Plaintiffs to review the data;

(4) provide Plaintiffs with all documents about Defendants' consideration of what data to gather or not to gather about their customers' uses of the ReplayTV 4000; and

(5) provide Plaintiffs with any other documents (such as emails or logs) reflecting what works have been copied with the ReplayTV 4000 and how those works have been stored, viewed, or distributed.

*D. Discussion:*

Defendants and *amici* raise numerous objections to this Order. Generally, they contend that the order requires not that they produce material in discovery but that they create new data; that the order is, therefore, not a discovery order but an impermissible mandatory injunction; that the burdens on defendants and their customers outweigh any benefit to the plaintiffs, and that the order constitutes a serious and unnecessary invasion of ReplayTV4000 users' privacy rights.

Although each of the issues raises serious questions, which have been very well briefed on all sides, the Court is persuaded to reverse the Magistrate Judge's Order on the grounds that it impermissibly requires defendants to create new data which does not now exist. A party cannot be compelled to

1  create, or cause to be created, new documents solely for their production.
2  Federal Rule of Civil Procedure Rule 34 requires only that a party produce
3  documents that are already in existence. *Alexander v. FBI* (D.D.C. 2000) 194
4  F.R.D. 305, 310.

5       The only evidence before the Magistrate Judge on this issue was the
6  uncontroverted declaration of Philippe Pignon, Ph.D., Vice President of
7  Engineering Operations at defendant SONICblue, Inc.  According to that
8  declaration, defendants were able to collect some customer-use data from earlier
9  versions of the ReplayTV. In May 2001, following negative publicity about the
10  data collection practices of defendants' competitor, TiVo, defendants stopped
11  all customer data-collection, except for technical information such as error
12  messages.  Defendants have never collected customer data (other than limited
13  technical information) from ReplayTV4000 customers.   Further, when
14  customer-use data was being gathered from ReplayTV customers, it did not
15  include information concerning Send Show or Commercial Advance, which
16  were not then in existence.[1]

17       In order to gather information from customers about "what works are
18  copied, stored, viewed with commercials omitted, or distributed to third parties
19  with the ReplayTV4000 [and] when each of those events took place," defendants
20  would be required to undertake a major software development effort, incur
21  substantial expense, and spend approximately four months doing so.

22       It is evident to the Court, based on Pignon's declaration, that the
23  information sought by plaintiffs is not now and never has been in existence.
24  The Order requiring its production is, therefore, contrary to law. See *National*
25  *Union Elect. Corp. v. Matsushita Elec. Indust. Co.*, 494 F.Supp. 1257, 1261 (E.D.
26

27       [1]These two features are the most significant and relevant in connection
28  with the issues raised in this lawsuit.

1    Pa. 1980)[2]

2         The Court does not question the relevance of information concerning

3    how customers of ReplayTV4000 use their units.  However, this information

4    can be obtained by plaintiffs by conducting surveys, a traditional method of

5    gleaning customer data in copyright-infringement cases.

6         That portion of the Magistrate Judge's Discovery Order of April 26, found

7    at page 3, paragraph 2, is hereby reversed.

8

9    **II.  Defendants' Motion for Review of Order re Responses to Document**

10   **Requests No. 35 and 44:**

11        *A.  Documents Reviewed:*

12        In connection with this motion, the Court has read and considered the

13   following documents:

14        *Defendants' Amended notice of motion for review of the order
         *Defendant's points and authorities in support of the motion
15       *Corrected declaration of Emmett C. Stanton in support
         *Plaintiff's opposition
16       *Defendant's Reply memorandum
         *Declaration of Jennifer M. Lloyd in support of reply.
17       *Transcript of April 23, 2002, oral argument

18        *B.  Standard of Review:*

19        A magistrate judge's nondispositive order may be set aside or modified

20   by a district court only if it is found to be clearly erroneous or contrary to law.

21   28 USC §636(b)(a)(A); Federal Rules of Civil Procedure, Rule 72(a).

22        *C.  Order Reviewed:*

23        The Magistrate Judge denied defendant's motion to compel the

24   production of the following two items:

25

26   ─────────────

27        [2]This Order does not affect the defendants' obligation to provide to
     plaintiffs customer-use information presently being collected from the
28   approximately 10% of customers who are subscribers to MyReplayTV.com.

5

<u>Request #35:</u>

All Documents relating to plans for utilizing and/or actual or
potential revenues available to Plaintiff by, Set Top Boxes, Interactive
Television, and/or direct targeted advertising, including but not limited
to Documents relating to Plaintiff's knowledge, evaluation, analysis, or
communications concerning these subjects from 1984 to the present,
including but not limited to compilations and evaluations of such
information.

<u>Request #44:</u>

Documents sufficient to show Plaintiff's business plans, marketing
strategies and forecasts from 1984 to the present relating to commercial
advertising and/or alternative advertising methods.

*D. Discussion:*

Defendants first contend that the Magistrate Judge's failure to include
these two production requests in his Order was clearly the result of a mistake.
This argument is based on the fact that these items were not discussed in the
Joint Statement in connection with similar requests (e.g., items 43, 45, 46, 47,
and 48, which were compelled) but were handled separately in a different
section of the Joint Statement. Defendants also argue that because production
of similar items was compelled, the Magistrate Judge must have intended to
include items 35 and 44 as well, but inadvertently failed to do so.

It does not appear to the Court that the denial of these requests was
inadvertent. The transcript of the hearing on these motions reveals that the
Magistrate Judge had carefully and thoroughly reviewed all of the parties'
documents, acquainted himself with their positions and contentions, and was
familiar with the relevant case law. The record does not lead the Court to

1 | believe that the Magistrate made a mistake.[3]

2 | Defendants next argue that the order is inconsistent with the Magistrate

3 | Judge's ruling on similar requests and therefore erroneous.  The Court

4 | disagrees.  The Magistrate Judge may well have concluded that his Order

5 | compelling the production of other similar information provided the

6 | defendants with all the relevant evidence they needed, and that anything

7 | further would be excessive and burdensome.

8 | The request to reverse this portion of the Magistrate Judge's Order is

9 | denied.

10 |

11 | **III.  Plaintiff's Objections and Request for Review:**

12 | *A.  Documents Considered:*

13 | In connection with this motion for review, the Court has read and

14 | considered the following documents:

15 | *Plaintiff's notice of motion for review and reconsideration
*Declaration of Robert H. Rotstein in support of motion

16 | *Defendants' objections to declarations
*Plaintiffs' motion to strike portions of defendants' objections

17 | *Defendants' Opposition
*Declaration of Emmett Stanton in support of opposition

18 | *Plaintiffs' Reply

19 | The Court has not considered the proffered declarations of Mike Cruz,

20 | Frederick A. F. Cooke, Jr., Richard A. Frankie, Michelle Stratton, Del

21 | Mayberry, Jane Waxman, Steve Rath, Michael Doodan or David C. Vigilante,

22 | because these declarations were not presented to the Magistrate Judge for his

23 | consideration.  See discussion at section I.B, *supra.*

24 |

25 |

26 |

27 | [3]It appears to the Court that it would not be inappropriate for counsel to inquire of the Magistrate Judge whether this portion of his ruling was intentional

28 | or inadvertent.

7

1    **B.  Standard of Review:**

2         A magistrate judge's nondispositive order may be set aside or modified

3    by a district court only if it is found to be clearly erroneous or contrary to law.

4    *Bhan v. Hospitals, Inc.*  (9th Cir. 1991) 929 F.2d. 1404, 1414.

5         **C.  Order Reviewed:**

6         Plaintiffs seek review of five categories of compelled discovery.[4]  These

7    are: (1) confidential financial documents; (2) confidential business plans;

8    (3) documents relating to MovieFly/MovieLink and Movies.com;

9    (4) documents and information in various categories concerning plaintiffs'

10   businesses dating from 1984 to 1996; and (5) documents relating to lobbying.

11        **D.  Discussion:**

12        The Court has carefully reviewed all of plaintiffs' objections and

13   arguments concerning the Magistrate Judge's rulings in each of these categories.

14   Although the arguments made concerning the breadth and scope of the orders

15   are not unreasonable, and certainly different orders could have been issued, the

16   unfailing conclusion reached by this Court with respect to each issue is that the

17   Magistrate Judge's orders are not clearly wrong or  contrary to law.  No legal

18   basis exists for this Court to reverse any of the discovery orders of which

19   plaintiffs complain.

20        Dated this 30th day of May 2002.

21

22                              FLORENCE-MARIE COOPER, Judge

23                              United States District Judge

24

25

26   _____

27        [4]In their Notice of Motion, plaintiffs set out three categories; however, in
     the body of their motion, they identify five categories of discovery as to which

28   they seek review and reconsideration.

8