1   PROSKAUER ROSE LLP
2   2049 CENTURY PARK EAST #3200
3   LOS ANGELES, CA. 90067
4   (310) 557-2900
5   SCOTT P. COOPER

FILED
CLERK, U.S DISTRICT COURT

MAY 29 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ORIGINAL

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; et al., | Case No. CV 01-09358 FMC (Ex) |
| Plaintiffs, | Hon. Florence-Marie Cooper |
| v. | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |
| REPLAYTV, INC. and SONICBLUE INC., | |
| Defendants. | |
| AND CONSOLIDATED ACTIONS. | |

ENTERED ON ICMS

MAY 3 1 2002

CV

143

1

# STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

Good cause appearing therefor, the following stipulation of the parties in the above-captioned actions, as evidenced by the signatures of counsel of record appearing below, is hereby ordered.

DATE: _5/29/02_

The Honorable ~~Florence-Marie Cooper~~ *CHARLes F. EicK*
United States ~~District Court Judge~~ *MAGISTRATE JUDGE*

## STIPULATED TERMS OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED by the undersigned counsel for Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., The United Paramount Network, ABC, Inc., Viacom International Inc., CBS Worldwide Inc., CBS Broadcasting Inc., plaintiffs in Case No. CV 01-09358, Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners, L.P., plaintiffs in former Case No. CV 01-09693, Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions, Inc., Fox Broadcasting Company, plaintiffs in the former Case No. CV 01-09801, Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc., plaintiffs in former Case No. CV-01-10221 (collectively "Plaintiffs"), and defendants ReplayTV, Inc. and SONICblue Incorporated (collectively "Defendants") that discovery in, and litigation of, the Consolidated Actions, as hereinafter defined, necessarily will involve the production of information which the parties consider to be highly sensitive, confidential, or proprietary and the disclosure of which would create a risk of significant injury to the producing party's business.

The parties believe that a protective order restricting the use and dissemination of such confidential, proprietary, and competitively sensitive information is necessary and appropriate to

1  facilitate discovery in and litigation of the Consolidated Actions among the parties. The parties also

2  believe that such an order is necessary and appropriate to enable the parties to conduct discovery of

3  non-parties that may have similar concerns regarding their proprietary or sensitive information.

4     ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

5     1. All "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted"

6  Information, hereinafter defined, produced or exchanged in the course of this litigation, shall be

7  treated in accordance with the terms of this Order and shall be used solely for the purpose of

8  litigation, arbitration or mediation of the following four actions, <u>Paramount Pictures Corporation, et</u>

9  <u>al. v. ReplayTV, Inc., et al.</u>, Case No. CV 01-09358, <u>Time Warner Entertainment Company, L.P., et</u>

10  <u>al. v. ReplayTV, Inc., et al.</u>, former Case No. CV 01-09693, <u>Metro-Goldwyn-Mayer Studios, Inc., et</u>

11  <u>al. v. ReplayTV, Inc., et al.</u>, former Case No. CV 01-09801, and <u>Columbia Pictures Industries, Inc., et</u>

12  <u>al. v. ReplayTV, Inc., et al.</u>, former Case No. CV 01-10221 (collectively, the "Consolidated

13  Actions"), and of any Related Litigation, and for no other purpose, including but not limited to,

14  business and other litigation purposes. "Related Litigation," as used in the preceding sentence, is

15  litigation that (a) arises from the same or substantially identical transactions, happenings or events as

16  the Consolidated Actions; and (b) involves one or more of the parties to the Consolidated Actions (or

17  their parents, subsidiaries, or affiliates), and no other persons or entities.

18     2. The term "Information" as used herein shall include any document, deposition

19  testimony, electronic data, interrogatory response, response to requests for admissions, response to

20  requests for production of documents, audiotape, videotape, recording, or other information disclosed

21  or produced by or on behalf of a party (or any of its attorneys or other agents) in the Consolidated

22  Actions, or by or on behalf of a non-party (or any of its attorneys or other agents), and all information

23  derived therefrom.

24     3. Any Information concerning trade secrets or other confidential research, development,

25  commercial, marketing, or financial subjects may be designated by the producing party as

26  "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" within the meaning of

27  this Stipulation and Protective Order. The producing party shall designate Information

28  "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" only when the producing

party has a reasonable, good faith belief that the Information so designated is a trade secret or is otherwise confidential within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. In the case of Information designated as "Highly Confidential," the producing party must have a reasonable good faith belief that disclosure of the Information to employees of any other party, other than in-house counsel, would create an undue risk of significant injury to the producing party's business that would not exist in the absence of such disclosure. In the case of Information designated as "Restricted," a producing party-Plaintiff must have a reasonable good faith belief that disclosure of the Information to any employee of, or in-house counsel for, another Plaintiff, or any employees of Defendants, other than in-house counsel for Defendants, would create an undue risk of significant injury to the producing party-Plaintiff's business that would not exist in the absence of such disclosure. In the case of Information designated as "Highly Restricted," the producing party must have a reasonable good faith belief that disclosure of the Information to any employee of, or in-house counsel for, any other party would create an undue risk of significant injury to the producing party's business that would not exist in the absence of such disclosure. Any Information not designated as "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" in accordance with the procedures set forth herein shall not be covered by this Stipulation and Protective Order.

4.  "Confidential" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a)  outside counsel for the parties in the Consolidated Actions, their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in the Consolidated Actions (collectively, "Outside Counsel");

(b)  In-House Counsel for the parties in the Consolidated Actions, their secretaries, legal assistants, or other support personnel as reasonably necessary to assist In-House Counsel in the Consolidated Actions ("In-House Counsel");

(c)  current employees of each of the parties, including their parents, subsidiaries, and affiliates, who are reasonably necessary to assist Outside Counsel in the Consolidated Actions;

(d)    outside experts, consultants, and/or litigation support vendors who are not employees of any party, or of their parents, subsidiaries, or affiliates, and who are expressly retained to assist Outside Counsel, including, but not limited to, statisticians, economists and other experts, and the employees of such persons (collectively, "Outside Litigation Assistants");

(e)    the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in the Consolidated Actions;

(f)    any person who prepared, assisted in preparing, or received the document designated "Confidential";

(g)    during depositions only, any person who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document;

(h)    mediators or other individuals engaged or consulted in settlement of the litigation; and

(i)    any other person as to whom the parties may agree in writing.

5.    "Highly Confidential" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a)    Outside Counsel;

(b)    In-House Counsel;

(c)    Outside Litigation Assistants;

(d)    the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in the Consolidated Actions;

(e)    any person who prepared, assisted in preparing, or received the document designated "Highly Confidential";

(f)    during depositions only, any person who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document

designated "Highly Confidential" or the specific events, transactions, discussions, or data reflected in the document;

(g) mediators or other individuals engaged or consulted in settlement of the litigation; and

(h) any other person as to whom the parties may agree in writing.

6. "Restricted" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a) Outside Counsel and In-House Counsel for Defendants;

(b) Outside Litigation Assistants;

(c) the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in the Consolidated Actions;

(d) any person who prepared, assisted in preparing, or received the document designated "Restricted";

(e) during depositions only, any person who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Restricted" or the specific events, transactions, discussions, or data reflected in the document; and

(f) mediators or other individuals engaged or consulted in settlement of the litigation; and

(g) any other person as to whom the parties may agree in writing.

7. "Highly Restricted" Information, except with the prior consent of the producing party or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a) Outside Counsel;

(b) Outside Litigation Assistants;

(c) the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape testimony in the Consolidated Actions;

(d) any person who prepared, assisted in preparing, or received the document designated "Highly Restricted";

1       (e)     during depositions only, any person who appears, based upon the document itself or

2                 testimony in a deposition, to have knowledge of the contents of the document

3                 designated "Highly Restricted" or the specific events, transactions, discussions, or data

4                 reflected in the document;

5       (f)     mediators or other individuals engaged or consulted in settlement of the litigation; and

6       (g)     any other person as to whom the parties may agree in writing.

7          8.     Any person entitled to receive confidential Information pursuant to Paragraph 4,

8  subparagraphs (d) or (i), Paragraph 5, subparagraphs (c) or (h); Paragraph 6, subparagraphs (b) or (g),

9  or Paragraph 7, subparagraphs (b) or (g), shall, prior to being given any "Confidential," "Highly

10  Confidential," "Restricted," or "Highly Restricted" Information, read this Stipulation and Protective

11  Order, and shall execute an undertaking in the form annexed hereto as Exhibit A indicating that he or

12  she has read this Stipulation and Protective Order and will abide by its terms.  Persons to whom

13  confidential Information is shown or disclosed pursuant to Paragraph 4(g), Paragraph 5(f), Paragraph

14  6(e), or Paragraph 7(e) shall, prior to being given any "Confidential," "Highly Confidential,"

15  "Restricted," or "Highly Restricted" Information, be given a copy of and asked to read this

16  Stipulation and Protective Order and shall be bound by its terms, and shall not disclose such

17  Information to any other persons, except as provided for by the terms of this Stipulation and

18  Protective Order.

19         9.     A party shall designate documents as either "Confidential," "Highly Confidential,"

20  "Restricted," or "Highly Restricted" by affixing a stamp with such words on the document before

21  copies of the documents are delivered to another party.

22        10.    Any deposition transcript or videotaped deposition containing "Confidential," "Highly

23  Confidential," "Restricted," or "Highly Restricted" Information shall be marked on the cover

24  "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted," and shall indicate as

25  appropriate within the transcript and on the videotape that the Information has been so designated.  A

26  party may designate any portions of the transcript (including exhibits) or videotape as containing

27  "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information by so

28  advising the deposition reporter in the course of the deposition, who shall indicate in the deposition

1   transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so

2   designated, or by so advising all other parties which pages are confidential within fifteen (15)

3   business days after receipt of the transcript.  Until fifteen (15) business days have passed after the

4   receipt of any transcript, the entire transcript and videotape shall be deemed to contain "Confidential"

5   Information.  Nothing in this Stipulation and Protective Order shall prevent an employee of a party,

6   In-House Counsel, or Outside Counsel from attending any deposition, except that only persons

7   entitled to receive "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted"

8   Information shall be present when such Information is disclosed at a deposition.  Outside Counsel for

9   the party disclosing such "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted"

10  Information at a deposition shall, before such Information is disclosed, advise Outside Counsel for all

11  other parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive

12  such Information pursuant to the terms of this Stipulation and Protective Order are present when such

13  Information is disclosed.

14      11.     In the event that Outside Counsel for any party decides to file with or submit to the

15  Court any "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information,

16  the following procedures shall be used:

17      (a)     All Information subject to confidential treatment in accordance with the terms of this

18              Stipulation and Protective Order that is filed with the Court, including any pretrial

19              pleadings, motions, deposition transcripts, exhibits or other papers that reproduce or

20              otherwise disclose, directly or indirectly, any "Confidential," "Highly Confidential,"

21              "Restricted," or "Highly Restricted" Information, shall be filed in a sealed envelope or

22              other container, together with a copy of this Stipulation and Protective Order, with a

23              cover sheet bearing the caption of the Consolidated Actions and a statement

24              substantially in the following form:

25                      *CONFIDENTIAL -- This envelope or container contains documents,*

26                      *materials or intangible things that are subject to a PROTECTIVE ORDER*

27                      *issued by the Court and is not to be opened, or the contents revealed,*

28                      *except in compliance with that Order.*

8

All such documents shall be kept under seal until further order of this Court. Parties shall have up to ten (10) business days from the date of filing to produce a redacted, public-record version of any papers filed under seal, which "blacks out," or otherwise conceals, the substance and sources of all confidential Information.

(b)     The parties agree to refrain, whenever possible, from including "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents and the court's docket sheet reflecting those titles may remain public.

(c)     All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Filings containing "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information may be filed under seal in their entirety. If a filing containing such Information is not placed under seal in its entirety, those portions containing "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information must be separated from the pleading and placed in an envelope bearing the caption of the above-captioned actions, the name of the filing, and the legend "Filed Under Seal." The clerk's office shall maintain the filing under seal, pending a ruling from the Court that such filing shall not remain under seal.

(d)     Should any document be inadvertently filed without the designation stated in paragraph 11(a) above, the party filing the document shall, upon written notification, promptly cause the document to be sealed pursuant to this Protective Order.

12.     The use of any "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information for the purpose of any trial or any hearing that is open to the public is not addressed at this time, but may be the subject of future agreement or order as the need may arise, except that the parties now agree that any party intending to use "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information at a hearing must, to the extent such party knows in advance of its need to use Information not already identified in the papers submitted for such hearing, provide reasonable prior written notice to opposing parties and the party that is the source of the "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted"

1  Information, and the parties will confer in advance of the hearing and negotiate in good faith

2  concerning the procedures to be used during the hearing relating to the use of "Confidential," "Highly

3  Confidential," "Restricted," or "Highly Restricted" Information.

4        13.     Any party may give notice to another party that it is eliminating a previous designation

5  of a document or other Information as "Confidential," "Highly Confidential," "Restricted," or

6  "Highly Restricted." In that event, if the Information is used as an exhibit at trial or otherwise

7  displayed to the Court, all deposition statements and all markings indicating that the Information had

8  previously been designated by the party as "Confidential," "Highly Confidential," "Restricted," or

9  "Highly Restricted" shall be removed (or edited, in the case of a videotaped deposition) prior to

10  offering the Information into evidence or displaying same to the Court. The party requesting the

11  elimination of the previous designation shall be responsible for eliminating that designation and shall

12  fulfill this responsibility by providing a new, redesignated copy of the document or other Information.

13  If any Information designated by a party as "Confidential," "Highly Confidential," "Restricted," or

14  "Highly Restricted" is used as an exhibit at trial or otherwise displayed to the Court, the producing

15  party shall be entitled to add to the marking "Confidential," "Highly Confidential," "Restricted," or

16  "Highly Restricted," the following language: "Pursuant to the Protective Order Entered in The

17  Consolidated Actions." A similar statement may be added to any deposition transcript or videotaped

18  deposition.

19        14.     Any person receiving "Confidential," "Highly Confidential," "Restricted" or "Highly

20  Restricted" Information shall not disclose such Information to any person who is not entitled to

21  receive such Information.

22        15.     Nothing herein shall impose any restriction on the use or disclosure by a party of its

23  own Information. Nor shall this Stipulation and Protective Order be construed to prevent any party or

24  its Outside Counsel, In-House Counsel, or Outside Litigation Assistants from making use as they see

25  fit of Information that was lawfully available to the public or lawfully in the possession of the party,

26  Outside Counsel, In-House Counsel, or Outside Litigation Assistant, or that properly came into the

27  possession of the party, Outside Counsel, In-House Counsel or Outside Litigation Assistant

28  independent of any disclosure of "Confidential," "Highly Confidential," "Restricted," or "Highly

1  Restricted" Information in the Consolidated Actions, or that was lawfully obtained from third parties

2  in the course of the Consolidated Actions and were not designated as "Confidential," "Highly

3  Confidential," "Restricted," or "Highly Restricted" by that third party or its present or former

4  employer. In the event, however, that a third party provides Information that was generated by a

5  party to this Stipulation and Protective Order and that party believes that the Information is

6  proprietary and confidential, the party may request that all copies of such Information be stamped

7  with whatever designation the party believes is appropriate. If the parties to this Stipulation and

8  Protective Order disagree concerning the proper designation of the Information, such dispute shall be

9  resolved pursuant to the procedures described in Paragraph 17 of this Stipulation and Protective

10  Order. Pending the Court's ruling, the party contesting the requested designation shall treat the

11  Information as if the requested designation were proper and effective.

12      16.    Nothing contained in the Stipulation and Protective Order or any designation of

13  confidentiality hereunder or any failure to make such designation shall be used or characterized by

14  any party as an "admission" by a party opponent.

15      17.    Entry of this Stipulation and Protective Order shall be without prejudice to any motion

16  for relief from or modification of the provisions hereof or to any other motion relating to the

17  production, exchange, or use of any document or other Information in the course of the Consolidated

18  Actions, provided, however, that no such motion shall be made after entry of a final judgment or

19  settlement. If a party disagrees at any stage of these proceedings with a producing party's designation

20  of Information as "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted," or

21  disputes the limitations on access to be accorded such Information under this Stipulation and

22  Protective Order, such party (the "Disputing Party"), shall provide to the producing party written

23  notice of its disagreement and specifically identify the Information or restriction on access in dispute.

24  If the dispute cannot be resolved informally, the producing party may file a motion with respect to the

25  designation pursuant to the following schedule: within seven calendar days after receipt of the notice,

26  the producing party's Outside Counsel shall provide to the Disputing Party's Outside Counsel its

27  portion of a Joint Stipulation on a motion with respect to the designation. The Disputing Party's

28  Outside Counsel shall provide to the producing party's Outside Counsel its portion of the Joint

Stipulation so that the Joint Stipulation may be filed within seven calendar days after the Disputing Party receives the producing party's portion of the Joint Stipulation. The parties may file and serve supplemental briefs within two court days after the Joint Stipulation is filed. The motion shall thereupon be deemed submitted without further briefing or hearing unless deemed necessary by the Magistrate Judge. The producing party shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Disputing Party shall continue to treat the Information in the manner required by the Stipulation and Protective Order.

18.     The parties may modify any of the provisions of this Stipulation and Protective Order by written agreement between or among all of the parties.

19.     If any of the parties or their counsel are served with a subpoena requiring production of any Information that has been designated as "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted," such party shall within three (3) business days send via facsimile a copy of the subpoena to Outside Counsel for the party who produced the subpoenaed Information and shall inform the entity issuing (or seeking to have a court issue) such subpoena that the Information is confidential and subject to this Stipulation and Protective Order. The parties agree that if the party who produced the subpoenaed Information objects to the disclosure or production of that Information, that party shall, as soon as practicable, file a motion objecting to the subpoena or seek other appropriate relief. If a motion objecting to the subpoena is timely filed, or other appropriate relief is timely sought, a party shall not produce the subpoenaed Information until after the Court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

20.     A party may withhold from discovery information or documents in its possession, custody or control that are subject to an obligation to a third party not to disclose such information or documents (a "Non-disclosure Agreement") if, within 14 calendar days after learning of the applicable Non-disclosure Agreement, either the producing party or the third party objects to the disclosure. Within ten court days after service of the objection, the parties and the third party shall attempt to resolve the dispute informally, and if they are unable to do so the producing party and/or

the third party shall provide to the party seeking discovery its or their portion of a Joint Stipulation on a motion for protective order. The responding party shall serve its portion of the Joint Stipulation within five court days thereafter, and the Joint Stipulation shall be filed within two court days thereafter. The parties and the third party may file supplemental briefs within two court days after the Joint Stipulation is filed, after which the motion shall be deemed submitted without further briefing or hearing unless deemed necessary by the Magistrate Judge.

21.    If a party inadvertently produces Information that it considers to be protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or similar legal protection, in whole or in part, or learns of the production of such Information by a third party, the party may retrieve such Information as follows:

(a)    Within ten (10) days of the date of discovery by a party of the inadvertent production by it or a third party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the Information, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it, and the reason the production is claimed to be inadvertent.

(b)    Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the party asserting inadvertent production. In the event that only part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Any party who has received the produced documents or material may contest the claim of privilege or protection by filing a motion contesting the claim within ten (10) days of receiving notice under subparagraph (a) above. During the pendency of such motion, the receiving party need not return all copies of the produced documents or material to the party asserting inadvertent production, however the receiving party may not use or

13

1    disclose the Information claimed confidential for any purpose other than prosecution

2    of the motion challenging the privilege or protection claim.

3    (c)    The provisions of subparagraphs (a) and (b) above are without prejudice to any other

4    rights any party may have with respect to challenging or defending any claim of

5    privilege.

6    22.    A party that has inadvertently produced Information without designating it as

7    "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" Information may at any

8    time prior to the discovery cutoff in the Consolidated Actions redesignate such Information as

9    "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted." The party receiving

10   such redesignated "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted"

11   Information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes,

12   or other material that were generated based upon such Information shall immediately be treated in

13   conformance with any such redesignation.

14   23.    In the event that a party produces two or more identical or substantially identical

15   copies of a document or other Information, and any copy is designated "Confidential," "Highly

16   Confidential," "Restricted," or "Highly Restricted," while other copies are not so designated, all such

17   identical or substantially identical documents or other Information shall be treated with the highest

18   confidentiality designation once the inconsistent designation is known. The producing party shall be

19   responsible for informing all parties receiving the inconsistently designated document or other

20   Information of the inconsistent designation.

21   24.    All provisions of this Stipulation and Protective Order restricting the use of

22   Information obtained during discovery shall continue to be binding after the conclusion of the

23   Consolidated Actions, including all appeals, until further order of the Court, unless the parties agree

24   otherwise in writing. Any and all originals and copies of documents or other Information deemed to

25   be "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" shall, at the request of

26   the producing party, be returned to the producing party at the producing party's expense, or

27   destroyed, within one month after a final judgment and appeals herein or settlement of the

28   Consolidated Actions, except that Outside Counsel for each party (whether or not counsel of record)

1   may maintain one copy of all Information during the shorter of one year after a final judgment and

2   appeals herein or the period of time when an injunction, if any, is in effect, and may thereafter

3   maintain in its files one copy of each pleading filed with the Court, and each written discovery

4   request and written responses to discovery requests. Upon request from any party, a party who elects

5   to destroy confidential documents in its possession will attest to the fact that such documents have

6   been destroyed.

7        25.    Neither this Stipulation and Protective Order nor any party's designation of

8   Information as "Confidential," "Highly Confidential," "Restricted," or "Highly Restricted" shall

9   affect the admissibility into evidence of the Information so designated. In addition, nothing contained

10   herein shall be deemed to waive any applicable privilege.

11        26.    Third parties from whom discovery is sought by the parties to this Stipulation and

12   Protective Order may designate Information as "Confidential," "Highly Confidential," "Restricted,"

13   or "Highly Restricted" consistent with the terms of this Stipulation and Protective Order, provided

14   that such third parties agree in writing to be bound by the Stipulation and Protective Order by

15   executing an undertaking in the form annexed hereto as Exhibit A. Under such circumstances, all

16   duties applicable to a producing party shall apply to such third party. All obligations applicable to

17   parties receiving such Information shall apply to any party receiving Information from such third

18   party.

19        27.    Nothing in this Stipulation and Protective Order is intended to constitute an agreement

20   regarding the scope of discovery.

21        The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the

22   terms of this Stipulation and Protective Order.

23

24

25

26

27

28

1  DATED: _28 May 2002_

2

3                              WHITE O'CONNOR CURRY
                               GATTI & AVANZADO LLP
4

5

6      By:_____
                 Andrew M. White
7
       Attorneys for Plaintiffs Paramount Pictures Corporation,
8      Disney Enterprises, Inc., National Broadcasting
       Company, Inc., NBC Studios, Inc., Showtime Networks
9      Inc., The United Paramount Network, ABC, Inc.,
       Viacom International Inc., CBS Worldwide Inc., and
10     CBS Broadcasting Inc.

11
   DATED: _____
12

13                             WILMER, CUTLER & PICKERING

14

15

16     By:_____
                 Thomas P. Olson
17
       Attorneys for Plaintiffs Paramount Pictures Corporation,
18     Disney Enterprises, Inc., National Broadcasting
       Company, Inc., NBC Studios, Inc., Showtime Networks
19     Inc., The United Paramount Network, ABC, Inc.,
       Viacom International Inc., CBS Worldwide Inc., and
20     CBS Broadcasting Inc.

21  DATED: _____

22                             O'MELVENY & MYERS LLP

23

24

25     By:_____
                 Robert M. Schwartz
26
       Attorneys for Plaintiffs Time Warner Entertainment
27     Company, L.P., Home Box Office, Warner Bros.,
       Warner Bros. Television, Time Warner Inc., Turner
28     Broadcasting System, Inc., New Line Cinema

1    DATED: _____

2

3                         WHITE O'CONNOR CURRY
                          GATTI & AVANZADO LLP

4

5

6                          By:_____
                                  Andrew M. White

7                          Attorneys for Plaintiffs Paramount Pictures Corporation,
                         Disney Enterprises, Inc., National Broadcasting

8                          Company, Inc., NBC Studios, Inc., Showtime Networks
                         Inc., The United Paramount Network, ABC, Inc.,

9                          Viacom International Inc., CBS Worldwide Inc., and
                         CBS Broadcasting Inc.

10

11    DATED: *May 28, 2002*

12

13                          WILMER, CUTLER & PICKERING

14

15

16                          By: *Thomas P. Olson by Scott Cooper*
                               Thomas P. Olson *with Mr. Olson's*

17                                      *permission*
                         Attorneys for Plaintiffs Paramount Pictures Corporation,
                         Disney Enterprises, Inc., National Broadcasting

18                          Company, Inc., NBC Studios, Inc., Showtime Networks
                         Inc., The United Paramount Network, ABC, Inc.,

19                          Viacom International Inc., CBS Worldwide Inc., and
                         CBS Broadcasting Inc.

20

21    DATED: _____

22

23                          O'MELVENY & MYERS LLP

24

25                          By:_____
                               Robert M. Schwartz

26                          Attorneys for Plaintiffs Time Warner Entertainment
                         Company, L.P., Home Box Office, Warner Bros.,

27                          Warner Bros. Television, Time Warner Inc., Turner
                         Broadcasting System, Inc., New Line Cinema

28

1  DATED: _____

2

3              WHITE O'CONNOR CURRY
               GATTI & AVANZADO LLP
4

5

6              By:_____
                       Andrew M. White
7
               Attorneys for Plaintiffs Paramount Pictures Corporation,
8              Disney Enterprises, Inc., National Broadcasting
               Company, Inc., NBC Studios, Inc., Showtime Networks
9              Inc., The United Paramount Network, ABC, Inc.,
               Viacom International Inc., CBS Worldwide Inc., and
10             CBS Broadcasting Inc.

11 DATED: _____

12

13             WILMER, CUTLER & PICKERING

14

15

16             By:_____
                       Thomas P. Olson
17
               Attorneys for Plaintiffs Paramount Pictures Corporation,
18             Disney Enterprises, Inc., National Broadcasting
               Company, Inc., NBC Studios, Inc., Showtime Networks
19             Inc., The United Paramount Network, ABC, Inc.,
               Viacom International Inc., CBS Worldwide Inc., and
20             CBS Broadcasting Inc.

21 DATED: *May 28, 2002*

22             O'MELVENY & MYERS LLP

23

24

25             By:_____
                       Robert M. Schwartz
26
               Attorneys for Plaintiffs Time Warner Entertainment
27             Company, L.P., Home Box Office, Warner Bros.,
               Warner Bros. Television, Time Warner Inc., Turner
28             Broadcasting System, Inc., New Line Cinema

                        16

Corporation, Castle Rock Entertainment, and The WB Television Network Partners, L.P.

DATED: _May 28, 2002_

PROSKAUER ROSE LLP

By: _____
           Scott P. Cooper

Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions, Inc., and Fox Broadcasting Company

DATED: _____

MCDERMOTT, WILL & EMERY

By: _____
           Robert H. Rotstein

Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc.

DATED: _____

FENWICK & WEST LLP

By: _____
           Emmett C. Stanton

Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated

17

Corporation, Castle Rock Entertainment, and The WB
Television Network Partners, L.P.

DATED: _____

PROSKAUER ROSE LLP

By: _____
                Scott P. Cooper

Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios
Inc., Orion Pictures Corporation, Twentieth Century Fox
Film Corporation, Universal City Studios Productions,
Inc., and Fox Broadcasting Company

DATED: *May 24, 2002*

MCDERMOTT, WILL & EMERY

By: *Robert H. Rotstein*
                Robert H. Rotstein

Attorneys for Plaintiffs Columbia Pictures Industries,
Inc., Columbia Pictures Television, Inc., Columbia
TriStar Television, Inc., and TriStar Television, Inc.

DATED: _____

FENWICK & WEST LLP

By: _____
                Emmett C. Stanton

Attorneys for Defendants ReplayTV, Inc. and
SONICblue Incorporated

17

Corporation, Castle Rock Entertainment, and The WB Television Network Partners, L.P.

DATED: _____

PROSKAUER ROSE LLP

By: _____
             Scott P. Cooper

Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions, Inc., and Fox Broadcasting Company

DATED: _____

MCDERMOTT, WILL & EMERY

By: _____
             Robert H. Rotstein

Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc.

DATED: *May 23, 2002*

FENWICK & WEST LLP

By: *Emmett C. Stanton*
             Emmett C. Stanton

Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated

17

# EXHIBIT A

## UNDERTAKING

I, [NAME OF INDIVIDUAL], hereby certify my understanding that "Confidential," "Highly Confidential," "Restricted," and/or "Highly Restricted" Information is being provided to me pursuant to the terms and restrictions of the foregoing Stipulation and Protective Order applying to the production, exchange, disclosure and use of confidential Information by parties and witnesses in the above-entitled actions.  I further certify that I have been provided with a copy of and have read the foregoing Stipulation and Protective Order and hereby agree to be bound by its terms and to subject myself to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the terms and restrictions of the Stipulation and Protective Order.  I understand that violations of those terms and restrictions are or may be punishable as contempt of court.

DATED: _____

_____
[NAME OF INDIVIDUAL]