# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Priority  
Send  
Enter  
Closed  
JS-5/JS-6  
JS-2/JS-3  
Scan Only

**Case No.** CV 01-9358-FMC (Ex)   **Date:** June 24, 2002

**Title:** PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

---

**DOCKET ENTRY**

---

**PRESENT:**

HON. **CHARLES F. EICK**, JUDGE

| STACEY HAMILTON | N/A |
|---|---|
| DEPUTY CLERK | COURT REPORTER |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**

None    None

ENTERED ON ICMS
JUN 2 5 2002
CV

**PROCEEDINGS:** (IN CHAMBERS)    (Page 1 of 3)

    The Court has read and considered all papers filed in support of and in opposition to "Defendants' Motion for Clarification of April 26 Discovery Order Re Defendants' Cross-Motion to Compel Responses to Document Request Nos. 35 and 44" ("the motion"), filed June 7, 2002. The previously scheduled June 28, 2002 hearing date is vacated. The Court has taken the motion under submission without oral argument.

    In ruling on many of the discovery disputes referenced in the April 26, 2002 Minute Order, the Court balanced the need for the requested disclosure against the burden such disclosure evidently would entail. See Fed. R. Civ. P. 26(b)(2). . . . . . . . . . . Defendants' arguments regarding the alleged need for disclosure of documents related to 6 to 18 year old plans, strategies and forecasts for "alternative advertising." Conversely, the Court was relatively more impressed by the evident burden of retrieving those documents. The Court did not find this requested discovery to be wholly irrelevant. The Court merely believed the discovery to be insufficiently material to justify the burden that disclosure seemingly would entail. Consequently, the Court generally limited "alternative advertising" discovery to the time frame of 1997 forward,

150

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. CV 01-9358-FMC (Ex)                                Date: June 24, 2002

Title: PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

DOCKET ENTRY

PRESENT:

HON. **CHARLES F. EICK**, JUDGE

| STACEY HAMILTON | N/A |
|---|---|
| DEPUTY CLERK | COURT REPORTER |

**ATTORNEYS PRESENT FOR PLAINTIFFS**        **ATTORNEYS PRESENT FOR DEFENDANTS:**

None                                                                                   None

PROCEEDINGS:   (IN CHAMBERS)                                        (Page 2 of 3)

with the exception of requiring the disclosure from earlier years of actual revenues from, and costs associated with, "alternative advertising." It appeared to the Court that actual revenues and costs would be more material (and possibly less burdensome to retrieve) than documents related to mere plans, strategies and forecasts in those earlier years.

The omission of Request No. 44 from the April 26, 2002 Minute Order was not inadvertent. As suggested by the above discussion, the perceived problem with the request was that the request sought, *inter alia*, remote, relatively immaterial documents regarding "alternative advertising," such that the burden of the requested production outweighed the need for production. The problem with Request No. 44 had nothing to do with the portion of the request related to traditional commercial advertising. Had Request No. 44 been limited to traditional commercial advertising, the Court would have granted the motion as to that request. Consequently, discovery into traditional commercial advertising from 1984 through the present should be allowed. In hindsight, the Court perhaps should have exercised its discretion to rewrite and narrow Request No. 44, as the Court did with certain other overbroad, unduly burdensome requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. CV 01-9358-FMC (Ex)                                   Date: June 24, 2002

Title: PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

---

**DOCKET ENTRY**

---

**PRESENT:**

HON. **CHARLES F. EICK**, JUDGE

| STACEY HAMILTON | N/A |
|---|---|
| DEPUTY CLERK | COURT REPORTER |

**ATTORNEYS PRESENT FOR PLAINTIFFS**           **ATTORNEYS PRESENT FOR DEFENDANTS:**

None                                                                    None

**PROCEEDINGS:**   (IN CHAMBERS)                           (Page 3 of 3)

      The perceived problem with Request No. 35 was that the request was overbroad and unduly burdensome in seeking "all documents relating to" temporally remote plans. Plaintiffs should not construe the Court's denial of the previous motion as to Request No. 35 as a ruling that "Set Top Boxes, Interactive Television and/or direct targeted advertising" are irrelevant to the claims and defenses in this action. Plaintiffs also should not interpret "actual or potential alternatives or supplements to traditional Commercial Advertising as a source of revenue for, or means to support Television Programming" as failing to encompass "Set Top Boxes, Interactive Television and/or direct targeted advertising."

      If any party believes this June 24, 2002 Minute Order to be unclear in application, the party may file for *ex parte* relief, and the Court will entertain the matter on an expedited basis, if appropriate.

cc:  Judge Cooper
     All Counsel of Record



MINUTES FORM 11                                                                                         Initials of Deputy Clerk
CIVIL-GEN                                              D-M