| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | SCOTT P. COOPER (Cal. Bar No. 96905)<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>Telephone: (310) 557-2900<br>Facsimile: (310) 557-2193<br>*Attorneys for the MGM, Fox, Universal, Viacom,*<br>*Disney & NBC Plaintiffs* |
| 6<br>7<br>8 | ROBERT M. SCHWARTZ (Cal. Bar No. 117166)<br>O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars, Seventh Floor<br>Los Angeles, California 90067-6035<br>Telephone: (310) 553-6700<br>Facsimile: (310) 246-6779<br>*Attorneys for the Time Warner Plaintiffs* |
| 9<br>10<br>11<br>12 | ROBERT H. ROTSTEIN (Cal. Bar No. 72452)<br>McDERMOTT, WILL & EMERY<br>2049 Century Park East, 34th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-4110<br>Facsimile: (310) 277-4730<br>*Attorneys for the Columbia Plaintiffs* |

Priority ___
Send ✗
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

[Full counsel appearances on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REPLAYTV, INC. *et al.*,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 01-9358 FMC (Ex)<br><br>Hon. Florence-Marie Cooper<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING THE NEWMARK PLAINTIFFS' ACCESS TO CONFIDENTIAL INFORMATION** |

CCI:585468.1

1   On August 15, 2002, the Court granted a motion to consolidate the action entitled <u>Newmark, et al. v. Turner Broadcasting System, Inc., et al.</u> (former Case No. CV 02-04445 FMC (Ex)) with the previously pending <u>Paramount Pictures Corporation, et al. v. ReplayTV, Inc., et al.</u> action. The Plaintiffs in the Newmark action (the "Newmark Plaintiffs") and the Plaintiffs in the original action (the "Copyright Owner Plaintiffs") disagree concerning the extent to which the Electronic Frontier Foundation and its attorneys, employees and agents (including but not limited to Cindy A. Cohn, Esq., Fred von Lohmann, Esq., and Robin D. Gross, Esq.) (collectively, the "EFF") are entitled to access to information and documents already produced during discovery in this action. To obtain a judicial resolution of that disagreement while allowing this litigation to progress, the parties to this action, through their respective counsel of record, HEREBY STIPULATE AND AGREE as follows:

1. Pursuant to Local Rule 37-2, the Copyright Owner Plaintiffs will file a motion for protective order seeking certain restrictions on the types of discovery available to EFF. The Copyright Owner Plaintiffs shall provide the opening portion of the Joint Stipulation called for by Local Rule 37-2.1 to the Newmark Plaintiffs on September 23, 2002. The Newmark Plaintiffs shall provide their portion of the Joint Stipulation on September 30, 2002, and the motion shall be filed promptly thereafter. Supplemental Memoranda, pursuant to Local Rule 37-2.3, shall be filed on October 7, 2002. The motion shall be noticed for hearing on October 15, 2002.

2. The Newmark Plaintiffs, through their counsel of record, shall execute the Stipulation and Protective Order entered in this action by this Court on May 29, 2002 (the "Protective Order"). Upon their execution of the Protective Order, and subject to its terms and the terms of this Stipulation, counsel for the Newmark Plaintiffs, Ira Rothken and EFF, shall be allowed to obtain and to review all discovery in the action to date, including but not limited to all documents, deposition transcripts, interrogatory responses and responses to requests for admissions produced or served

CC1:585468.1

-2-

in the action, *except that* -- unless and until altered or adjusted by the Court's ruling on the motion for protective order referred to above -- the following additional limitations and procedures shall apply:

(a) The EFF shall not have or be given access to, nor be allowed to obtain or review: (i) documents produced in this action that were originally produced or prepared by the Copyright Owner Plaintiffs in connection with the Department of Justice investigation regarding Movies.com and/or Movielink; and (ii) documents, interrogatory responses or responses to requests for admission that were produced or served by Copyright Owner Plaintiffs in response to any written discovery concerning lobbying activity by the Copyright Owner Plaintiffs. The Copyright Owner Plaintiffs shall promptly identify, by Bates number or otherwise, all such produced documents, interrogatory responses and responses to requests for admission, and the EFF will not be allowed to have, and will not accept, access to any such information.

(b) The EFF also shall not have or be given access to, nor be allowed to obtain or review, any other discovery produced by the Copyright Owner Plaintiffs designated as "Restricted" Information or "Highly Restricted" Information (as those terms are defined in the Protective Order) to the extent that that Information will be the subject of the Copyright Owner Plaintiffs' motion for protective order referred to above. The Copyright Owner Plaintiffs will, on a rolling basis, identify, by Bates number or otherwise, any discovery responses and produced documents designated under the Protective Order as "Restricted" or "Highly Restricted" Information that are not subject to their motion for protective order. Thereafter, the EFF may have immediate access to those materials that are not subject to such motion.

(c) The Copyright Owner Plaintiffs shall promptly identify, by Bates number or otherwise, the other discovery responses and produced documents that are

1 designated under the Protective Order as "Confidential" or "Highly Confidential"
2 Information or were produced without any designation under the Protective Order
3 and EFF shall be entitled to have access to such responses and documents, subject to
4 the provisions of the Protective Order (as applicable).

DATED: September 17, 2002

| PROSKAUER ROSE LLP | O'MELVENY & MYERS LLP |
|---|---|
| By: /s/ Scott P. Cooper | By: /s/ Alan Rader |
| Scott P. Cooper | Alan Rader |
| Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP (formerly, Universal City Studios Productions, Inc.), Fox Broadcasting Company, Plaintiffs Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., UPN (formerly, The United Paramount Network), ABC, Inc., Viacom International Inc., CBS Worldwide Inc., and CBS Broadcasting Inc. | Attorneys for Plaintiffs Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P. |
| MCDERMOTT, WILL & EMERY | FENWICK & WEST LLP |
| By:_____ | By:_____ |
| Robert H. Rotstein | Laurence F. Pulgram |
| Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc. | Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated |

CCI-585468.1

1  designated under the Protective Order as "Confidential" or "Highly Confidential"
2  Information or were produced without any designation under the Protective Order
3  and EFF shall be entitled to have access to such responses and documents, subject to
4  the provisions of the Protective Order (as applicable).

DATED: September 17, 2002

| PROSKAUER ROSE LLP | O'MELVENY & MYERS LLP |
|---|---|
| By:_____<br>Scott P. Cooper<br>Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP (formerly, Universal City Studios Productions, Inc.), Fox Broadcasting Company, Plaintiffs Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., UPN (formerly, The United Paramount Network), ABC, Inc., Viacom International Inc., CBS Worldwide Inc., and CBS Broadcasting Inc. | By:_____<br>Alan Rader<br>Attorneys for Plaintiffs Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P. |
| MCDERMOTT, WILL & EMERY<br>By: /s/ Robert H. Rotstein<br>Robert H. Rotstein<br>Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc. | FENWICK & WEST LLP<br>By:_____<br>Laurence F. Pulgram<br>Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated |

CCI:585468.1

-4-

designated under the Protective Order as "Confidential" or "Highly Confidential" Information or were produced without any designation under the Protective Order and EFF shall be entitled to have access to such responses and documents, subject to the provisions of the Protective Order (as applicable).

DATED: September __, 2002

| PROSKAUER ROSE LLP | O'MELVENY & MYERS LLP |
|---|---|
| By:_____<br>Scott P. Cooper<br>Attorneys for Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP (formerly, Universal City Studios Productions, Inc.), Fox Broadcasting Company, Plaintiffs Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., UPN (formerly, The United Paramount Network), ABC, Inc., Viacom International Inc., CBS Worldwide Inc., and CBS Broadcasting Inc. | By:_____<br>Alan Rader<br>Attorneys for Plaintiffs Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P. |
| MCDERMOTT, WILL & EMERY | FENWICK & WEST LLP |
| By:_____<br>Robert H. Rotstein | By: /s/ Laurence F. Pulgram<br>Laurence F. Pulgram |
| Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc. | Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated |

CC1:585468.1

-4-

ROTHKEN LAW FIRM

By: /s/ Ira P. Rothken

Ira P. Rothken
Attorneys for Plaintiffs Craig Newmark, Shawn Hughes, Keith Ogden, Glenn Fleishman and Phil Wright

ELECTRONIC FRONTIER FOUNDATION

By: /s/ Cindy A. Cohn

Cindy A. Cohn
Attorneys for Plaintiffs Craig Newmark, Shawn Hughes, Keith Ogden, Glenn Fleishman and Phil Wright

## ORDER

Good cause appearing therefore, the preceding stipulation of the parties in the above-captioned action, as evidenced by the signatures of counsel of record appearing above, is hereby ordered.

DATED: September 19, 2002

/s/

HONORABLE CHARLES F. EICK
United States Magistrate Judge

CC1:585468.1

-5-

# PROOF OF SERVICE

I, Cora Moncrief, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-6035. On September 18, 2002, I served the within document(s):

**STIPULATION AND [PROPOSED] ORDER REGARDING THE NEWMARK PLAINTIFFS' ACCESS TO CONFIDENTIAL INFORMATION**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Emmett C. Stanton, Esq.<br>Fenwick & West LLP<br>Two Palo Alto Square<br>Palo Alto, California 94306 | Laurence F. Pulgram, Esq.<br>Fenwick & West LLP<br>275 Battery Street<br>San Francisco, CA 94111 |
| Ira P. Rothken, Esq.<br>Rothken Law Firm<br>1050 Northgate Drive, Suite 520<br>San Rafael, CA 94903 | Scott P. Cooper, Esq.<br>Proskauer Rose LLP<br>2049 Century Park East<br>Suite 3200<br>Los Angeles, California 90067 |
| Robert H. Rotstein, Esq.<br>McDermott, Will & Emery<br>2049 Century Park East<br>34th Floor<br>Los Angeles, California 90067 | Cindy Cohn, Esq.<br>Electronic Frontier Foundation<br>454 Shotwell Street<br>San Francisco, CA 94110 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 18, 2002, at Los Angeles, California.

_____
Cora Moncrief

CC1 586115 1