1  LAURENCE F. PULGRAM (CSB No. 115163)
   FENWICK & WEST LLP
2  275 Battery Street, Suite 1500
   San Francisco, CA 94111
3  Telephone: (415) 875-2300
   Facsimile: (415) 281-1350
4

5  EMMETT C. STANTON (CSB No. 83930)
   MITCHELL ZIMMERMAN (CSB No. 88456)
6  PATRICK E. PREMO (CSB No. 184915)
   FENWICK & WEST LLP
7  Two Palo Alto Square
   Palo Alto, CA 94306
8  Telephone: (650) 494-0600
   Facsimile: (650) 494-1417
9

10 Attorneys for Defendants
   REPLAYTV, INC. and SONICBLUE
11 INCORPORATED

                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

| PARAMOUNT PICTURES CORPORATION et al., | Case No. 01-09358 FMC (Ex) |
|---|---|
| Plaintiffs, | **STIPULATION AND [PROPOSED] SCHEDULING ORDER** |
| v. | |
| REPLAYTV, INC. and SONICBLUE, INC., | Discovery Cut Off: Oct. 25, 2002<br>Pretrial Conference: None Set<br>Trial Date: None Set |
| Defendants, | |
| AND CONSOLIDATED ACTIONS. | |

*FILED OCT -4 2002*

New court dates:

hrg on S/J mtns. 8-4-03 @ 10:00 am

PTC: 9-29-03 @ 9:30 am

J/T: 10-28-03 @ 9:00

* Status conf: 1-22-03 @ 2:30 pm

264

The parties, through their undersigned counsel, enter into the following stipulation and jointly request that the Court enter a scheduling order in conformity with it:

1. The current discovery cutoff, including percipient and expert depositions, is October 25, 2002, and the current date for hearing summary judgment motions is December 23, 2002. No trial date has been set. The parties agree that this schedule must be modified, and have negotiated a comprehensive schedule, including relevant pretrial and trial dates.

2. Subject to the other provisions of this stipulation, the parties have agreed to the following schedule:

| | |
|---|---|
| October 21, 2002 | First Rule 26(e) supplementation of discovery and disclosures |
| October 28, 2002 | Last day to propound written discovery to other parties |
| November 4, 2002 to February 28, 2003 (no depositions of any kind will occur December 21, 2002 through January 7, 2003) | Deposition of fact witnesses |
| January 13, 2003 | General Topics of expert testimony to be exchanged |
| January 15, 2003 | Second Rule 26(e) supplementation of discovery and disclosures. The timing of any post-January 15, 2003 supplementation will be governed by Rule 26(e) or further order of the Court |
| February 28, 2003 | Fact discovery completed (including discovery to third parties other than experts) |
| March 26, 2003 | All Rule 702 experts identified and reports of experts exchanged as required by Rule 26(a)(2)(B); maximum of eight Rule 26(a)(2)(B) expert witnesses per side |
| April 25, 2003 | All rebuttal experts identified and reports of Rule 26(a)(2)(B) rebuttal experts exchanged |
| May 12, 2003 to June 11, 2003 | Depositions of expert witnesses |
| June 20, 2003 | Motions for summary judgment filed and served. This deadline does not prohibit the filing of such motions earlier in the action if appropriate, but such earlier filings may require adjustment to other aspects of this schedule |
| July 11, 2003 | Opposition to summary judgment motions filed and served |
| July 14, 2003 | Last day to propound requests for admissions to authenticate documents or statements |
| July 21, 2003 | Summary judgment replies filed and served |
| August 4, 2003 | Hearing on summary judgment motions |

| | | |
|---|---|---|
| 1 | August 22, 2003 | Pretrial conference meeting of counsel per Local Rules |
| 2 | September 29, 2003 | Pretrial conference (subject to review by Court at summary judgment hearing) |
| 3 | October 28, 2003 | Trial |

3. The parties agree that the October 28, 2002 cutoff for propounding written discovery to the parties shall not apply to requests for admissions to authenticate documents or statements. The parties agree that July 14, 2003 shall be the last day for any party to propound requests for admissions to authenticate documents or statements. The parties further agree that although a subpoena to a party's parent, subsidiary or other affiliated company may be issued after October 28, 2002, such subpoena shall not be used to obtain discovery from a party in a way that would circumvent the October 28, 2002 cutoff of written discovery to parties. The parties further agree that any party may propound written discovery to another party or its parent, subsidiary, or other affiliated companies subsequent to the October 28, 2002 cutoff for good cause based on newly-discovered information not known to the proponent of the discovery prior to October 28, 2002.

4. The parties agree that depositions of fact witnesses shall not commence before November 4, 2002, but that this limitation shall not apply to depositions regarding any party's production of discovery, such as depositions of custodians of records or persons most knowledgeable about the existence and identification of documents or other information. Where appropriate, such depositions may be directed to a specifically identified individual rather than noticed pursuant to Rule 30(b)(6). The depositions of Jack Valenti, 2002, and of Bert Carp/Williams & Jensen, previously scheduled for September 30 and October 1, 2002, are continued to November 4 and 5, 2002. The parties further agree that they will cooperate in deposition scheduling in order to maximize the number of depositions that can be taken in November and December 2002 and to avoid deferring depositions until February 2003. In order to facilitate that cooperation, the parties have exchanged preliminary lists of the party witnesses they intend to depose, and agree to determine the availability of such

1 | witnesses for deposition in November and December 2002.

2 | 5. The parties recognize that the number of party witnesses already identified for possible deposition, the number of Rule 30(b)(6) deposition topics already identified, and the likely number of third-party witnesses, may make the period for conducting depositions of fact witnesses impractical unless the number of depositions is limited by agreement of the parties or order of the Court.

6. The parties recognize that the schedule for fact witness depositions, expert reports and expert witness depositions does not contemplate the filing of any motion for preliminary injunction or motion for summary judgment prior to the last date for filing motions for summary judgment. The parties acknowledge that if any such motions are brought, the schedule may require such adjustment as is appropriate under the circumstances.

7. The parties recognize that the time period designated for preparation of retained expert reports, rebuttal expert reports and expert depositions may be inadequate depending on the number of non-retained experts each party chooses to use and the scope of such expert testimony. The parties acknowledge that to the extent non-retained experts are identified to testify concerning subjects that are not within the scope of retained expert testimony, the other party or parties may need to retain a rebuttal expert, prepare such expert reports as are required, and take and defend the depositions of such experts. The parties have not agreed upon any overall limit on the number of retained and non-retained expert witnesses. The parties acknowledge that to the extent the total number of retained and non-retained experts designated by either side exceeds the eight contemplated by this stipulated schedule, the other side may determine that the period for conducting depositions of experts is impractical, which may in turn affect the schedule for summary judgment motions and trial.

8. The Court shall conduct a further status conference on January 22, 2003, at 2:30 p.m.

ORDER

Good cause appearing from the foregoing stipulation, it is hereby SO ORDERED.

September 10/4, 2002

*[signature]*
United States District Judge

DATED: September __, 2002

O'MELVENY & MYERS, LLP

By:_____
Robert M. Schwartz

Attorneys for Plaintiffs Time Warner Entertainment Company, L.P. Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P.

DATED: September 20, 2002

PROSKAUER ROSE LLP

By: *[signature]*
Scott P. Cooper

Attorneys for Plaintiffs Paramount Pictures Corporation, Disney Enterprises, Inc., National Broadcasting Company, Inc., NBC Studios, Inc., Showtime Networks Inc., The United Paramount Network, ABC, Inc., Viacom International Inc., CBS Worldwide Inc., CBS Broadcasting, Inc., Metro-Goldwyn-Mayer Studios Inc., Orion Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions, Inc., and Fox Broadcasting Company

1                          ORDER

2       Good cause appearing from the foregoing stipulation, it is hereby SO

3 ORDERED.

4

5 September ___, 2002            _____

6                             United States District Judge

7

8 DATED September 30, 2002     O'MELVENY & MYERS, LLP

9

10                            By: /s/ Robert M. Schwartz

11                                Robert M. Schwartz

12                           Attorneys for Plaintiffs Time Warner
                            Entertainment Company, L.P. Home
13                           Box Office, Warner Bros., Warner Bros.
14                           Television, Time Warner Inc., Turner
                            Broadcasting System, Inc., New Line
15                           Cinema Corporation, Castle Rock
                            Entertainment, and The WB Television
16                           Network Partners L.P.

17

18 DATED: September ___, 2002     PROSKAUER ROSE LLP

19

20                            By:_____
                               Scott P. Cooper

21                           Attorneys for Plaintiffs Paramount
                          Pictures Corporation, Disney
22                           Enterprises, Inc., National Broadcasting
                          Company, Inc., NBC Studios, Inc.,
23                           Showtime Networks Inc., The United
                          Paramount Network, ABC, Inc., Viacom
24                           International Inc., CBS Worldwide Inc.,
                          CBS Broadcasting, Inc., Metro-
25                           Goldwyn-Mayer Studios Inc., Orion
                          Pictures Corporation, Twentieth Century
26                           Fox Film Corporation, Universal City
                          Studios Productions, Inc., and Fox
27                           Broadcasting Company

28

| | |
|---|---|
| DATED: September 30, 2002 | MCDERMOTT, WILL & EMERY<br><br>By: /s/ Robert H. Rotstein<br>Robert H. Rotstein<br><br>Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc. |
| DATED: September 27, 2002 | FENWICK & WEST LLP<br><br>By: /s/ Emmett C. Stanton<br>Emmett C. Stanton<br><br>Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated |
| DATED: September __, 2002 | **ROTHKEN LAW FIRM**<br>**ELECTRONIC FRONTIER FOUNDATION**<br><br>By:_____<br>Ira P. Rothken<br><br>Attorneys for Plaintiffs Craig Newmark, Shawn Hughes, Keith Ogden, Glenn Fleishman and Phil Wright |

22407/00401/LIT/1144034.1

-5-

| | | |
|---|---|---|
| 1 | DATED. September __, 2002 | MCDERMOTT, WILL & EMERY |
| 2 | | |
| 3 | | By:_____ |
| | | Robert H. Rotstein |
| 4 | | Attorneys for Plaintiffs Columbia Pictures Industries, Inc., Columbia Pictures Television, Inc., Columbia TriStar Television, Inc., and TriStar Television, Inc. |
| 7 | DATED September __, 2002 | FENWICK & WEST LLP |
| 9 | | By:_____ |
| | | Emmett C Stanton |
| 10 | | |
| 11 | | Attorneys for Defendants ReplayTV, Inc. and SONICblue Incorporated |
| 12 | DATED September 30, 2002 | ROTHKEN LAW FIRM |
| 13 | | ELECTRONIC FRONTIER FOUNDATION |
| 15 | | By: /s/ Ira P. Rothken |
| | | Ira P Rothken |
| 17 | | Attorneys for Plaintiffs Craig Newmark, Shawn Hughes, Keith Ogden, Glenn Fleishman and Phil Wright |

22407/00401/LIT/1144034 1

- 5 -

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that: I am employed in the County of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On October 2, 2002, I served the foregoing document described as: STIPULATION AND [PROPOSED] SCHEDULING ORDER on the interested parties in this action:

(By Mail) By placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, the envelopes would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 2, 2002, at Los Angeles, California.

_____
SUSAN A. OWENS

5492/65395-001 LALIB1/536215 v1

## SERVICE LIST

COUNSEL FOR REPLAY DEFENDANTS (all cases):

EMMETT C. STANTON
FENWICK & WEST LLP
Two Palo Alto Square
Palo Alto, CA 94306

LAURENCE F. PULGRAM
FENWICK & WEST LLP
275 Battery Street, Suite 1500
San Francisco, CA 94111

COUNSEL FOR TIME WARNER PLAINTIFFS in Former Case No. CV 01-09693 and TIME WARNER DEFENDANTS in Former Case No. CV 02-04445:

ROBERT SCHWARTZ
MARK SNYDER
ALAN RADER
BENJAMIN SHEFFNER
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-6035

COUNSEL FOR COLUMBIA PLAINTIFFS in Former Case No. CV 01-10221 and COLUMBIA DEFENDANTS in Former Case No. CV 02-04445 :

ROBERT H. ROTSTEIN
LISA E. STONE
ELIZABETH L. HISSERICH
ALLAN SCHARE
KIM WOROBEC
McDERMOTT, WILL & EMERY
2049 Century Park East, Suite 3400
Los Angeles, CA 90067

COUNSEL FOR NEWMARK PLAINTIFFS in Former Case No. CV 02-04445 :

IRA P. ROTHKEN
ROTHKEN LAW FIRM
1050 Northgate Drive, Suite 520
San Rafael, CA 94903

CINDY A. COHN
FRED VON LOHMANN
ROBIN D. GROSS
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110

5492/65395-001 LALIB1/536215 v1

2