FILED
CLERK US DISTRICT COURT

DEC 1 3 2002

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>REPLAY TV, et al.,<br><br>Defendants.<br><br>and consolidated actions. | CV 01-9358 FMC (Ex)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S OCTOBER 15, 2002, ORDER** |

This matter is before the Court on a Motion to Reconsider the Magistrate Judge's October 15, 2002, Order (docket #283). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for December 16, 2002, is removed from the Court's calendar. For the reasons set forth below, the Court **hereby denies** the Motion.

DEC 1 6 2002

399

1    In the challenged Order, the Magistrate Judge denied a Motion for
2  protective order and ordered production of the Entertainment Companies'
3  internal documents regarding lobbying efforts, current business plans, and
4  financial documents.[1]  The Entertainment Companies sought to keep these
5  documents from the attorneys with the Electronic Frontier Foundation
6  ("EFF"), who represent the Newmark Plaintiffs.   In addition to being
7  represented by the EFF, the Newmark Plaintiffs are also represented by Ira P.
8  Rothken.

9

10   In reaching his decision, the Magistrate Judge assumed (as argued by
11 Entertainment Companies) that *Brown Bag Software v. Symantec Corp.*, 960 F.2d
12 1465 (9th Cir. 1992), *cert. denied*, 506 U.S. 869 (1992), applied.  Court balanced
13 factors articulated therein and found that 1) the relief sought would impair
14 significantly the prosecution of the Newmark Plaintiffs' claims by effectively
15 preventing EFF attorneys from serving as litigation counsel in this action; and
16 2) the Entertainment Companies failed to demonstrate a sufficiently significant
17 disclosure-related risk or danger to warrant the relief requested.

18

19   The transcript of the hearing provides additional information regarding
20 the basis for the Magistrate Judge's Order:

21

22   The Entertainment Companies and attorneys for EFF have faced each
23 other in litigation before.  The Entertainment Companies and the EFF often
24 find themselves opposing each other in lobbying efforts as well.  Because they
25 often oppose each other in lobbying efforts, the Entertainment Companies

26

27 ───────────────

28 [1] The Magistrate Judge ordered production of other documents as well, but the
Entertainment Companies move for reconsideration as to only those documents noted above.

argue that there is the possibility that EFF will use information gained through litigation in their lobbying activities. The Entertainment Companies argued that it is difficult to "compartmentalize" knowledge and that this raises the risk of inadvertent disclosure.

The Entertainment Companies proposed that counsel for EFF be treated in the same manner as their own in-house counsel, who do not have access to the documents at issue by virtue of a stipulated protective order. The Magistrate Judge expressed the concern that EFF attorneys could not function as counsel of record in this case if they were treated in the same manner as in-house counsel.

The Entertainment Companies point out that one of the Newmark Plaintiff's lawyers, Ira Rothken, would have access to these documents. They argue that therefore the Newmark Plaintiffs would not be denied counsel.

The Entertainment Companies acknowledge that they have not located any case in which counsel has been denied access to "attorneys' eyes only" documents because that counsel also engages in lobbying activities.

Counsel indicated that EFF is willing to abide by the terms of the existing stipulated protective order. Moreover, counsel agreed that EFF attorneys have also agreed to refrain from advising others regarding lobbying activities when such discussions could implicate information that they have learned through discovery in this litigation.

The Magistrate Judge's finding that granting the protective order would significantly impair the Newmark Plaintiffs' ability to prosecute its claims by

preventing EFF attorneys from serving as litigation counsel is supported by the record.

The Court finds factual support in the record to support the conclusion that EFF attorneys would be precluded from viewing a number of documents that are relevant to the Newmark Plaintiffs' contention that their uses of the RePlayTV DVRs constitute fair use of the Entertainment Companies' copyrighted works. The precise number of documents is not clear from the record, but the Entertainment Companies acknowledge that these documents number approximately 20,000.[2]

Additionally, the Court finds no error with the Magistrate Ju dge's observation that excluding EFF attorneys would be impractical. *See* Tr. at 20:5-15 (Magistrate Judge gives example that EFF attorneys would be asked by the Entertainment Defendants to step out of a deposition when the topic turned to information contained in documents from which EFF attorneys were excluded).

The Magistrate Judge's finding that the Entertainment Companies failed to demonstrate sufficiently significant disclosure-related risk or danger to warrant the relief requested is also supported by the record.

The Court appreciates the Entertainment Defendants' characterization of the documents at issue as highly sensitive. However, the Magistrate Judge

---

[2] Counsel for the Newmark Plaintiffs contend that a far greater number of documents are at issue. Whether the number is 200,000 or 20,000 would not change the Court's analysis. The fact remains is that the Entertainment Defendants propose to exclude EFF attorneys from viewing a significant number of documents, and propose to exclude them from specific categories of documents as well.

1  has implicitly concluded that the existing multi-tier protective order already in

2  place in this litigation is sufficient to protect this highly sensitive information.

3

4  There is factual support for this conclusion in the record.  At the hearing

5  on this matter before the Magistrate Judge, EFF attorneys agreed to be bound

6  by the protective order that requires them to limit the use of information

7  obtained through discovery to the present litigation only.  EFF attorneys have

8  also agreed to refrain from advising others regarding lobbying activities that

9  could implicate information that they have learned through discovery in this

10 litigation.  Additionally, despite being involved in several lawsuits with EFF in

11 which confidential information was produced, the Entertainment Companies

12 have been unable to point to any examples of EFF attorneys disclosing such

13 information.

14

15 For the reasons set forth above, the Magistrate Judge's conclusions are

16 neither clearly erroneous nor contrary to law.

17

18 The Entertainment Companies' Motion for Reconsideration of the

19 Magistrate Judge's October 13, 2002, Order is **hereby denied.**

20

21 Dated:  December 13, 2002

22

23 FLORENCE-MARIE COOPER, Judge

24 United States District Judge

25

26

27

28

5