ROBERT M. SCHWARTZ (Cal. Bar No. 117166)
ALAN RADER (Cal. Bar No. 45789)
MARK A. SNYDER (Cal. Bar No. 167226)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

RONALD L. KLAIN
O'MELVENY & MYERS LLP
555 13th Street, N.W. Suite 500 West
Washington, DC 20004-1109
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Attorneys for Plaintiffs Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P.

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> REPLAYTV, INC. et al., <br><br> Defendants. <br><br> AND CONSOLIDATED ACTIONS. | Case No. CV 01-9358 FMC(Ex) <br><br> APPLICATION AND [PROPOSED] ORDER TO FILE UNDER SEAL NOTICE OF ERRATA RE: JOINT STIPULATION FOR DEFENDANTS' MOTION TO ENFORCE DISCOVERY ORDERS AND FOR SANCTIONS AGAINST THE TIME WARNER PLAINTIFFS <br><br> LOCAL RULE 79-5 <br><br> Date: Vacated (formerly December 27, 2002) <br> Time: Not Applicable <br> Judge: Hon. Charles F. Eick <br> Courtroom: 20 |

DEC 17 2002

401

1  Pursuant to Civil Local Rule 79-5, Plaintiffs Time Warner Entertainment
2  Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time
3  Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation,
4  Castle Rock Entertainment, and The WB Television Network Partners L.P. (the
5  "Time Warner Plaintiffs") respectfully request the following document be filed
6  under seal:
7  • Notice of Errata Re: Joint Stipulation for Defendants' Motion to
8  Enforce Discovery Orders and for Sanctions Against the Time Warner
9  Plaintiffs.
10  The Joint Stipulation and accompanying declarations were previously filed
11  under seal pursuant to this Court's December 6, 2002 Order, as portions of the Joint
12  Stipulation and accompanying declarations disclose the contents of documents that
13  have been produced in this Action and designated with various confidentiality
14  designations pursuant to the Stipulated Protective Order entered May 29, 2002. In
15  order to protect the confidentiality of these documents, the Time Warner Plaintiffs
16  respectfully request that they be allowed to file the document listed above under
17  seal, as well.

Dated: December 12, 2002

ROBERT M. SCHWARTZ
ALAN RADER
MARK A. SNYDER
- and -
RONALD L. KLAIN
O'MELVENY & MYERS LLP

By _____
Mark A. Snyder
Attorneys for Plaintiffs Time Warner Entertainment Company, L.P., Home Box Office, Warner Bros., Warner Bros. Television, Time Warner Inc., Turner Broadcasting System, Inc., New Line Cinema Corporation, Castle Rock Entertainment, and The WB Television Network Partners L.P.

GOOD CAUSE APPEARING, the Time Warner Plaintiffs' Request to File Under Seal Notice of Errata Re: Joint Stipulation for Defendants' Motion to Enforce Discovery Orders and for Sanctions Against the Time Warner Plaintiffs is hereby GRANTED.

IT IS SO ORDERED.

Dated: December 13, 2002

By _____
Hon. Charles F. Eick
U.S. District Magistrate Judge

# PROOF OF SERVICE

I, Denise Nogueiras, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, Seventh Floor, Los Angeles, CA 90067-6035. On December 12, 2002, I served the within document:

**APPLICATION AND [PROPOSED] ORDER TO FILE UNDER SEAL NOTICE OF ERRATA RE: JOINT STIPULATION FOR DEFENDANTS' MOTION TO ENFORCE DISCOVERY ORDERS AND FOR SANCTIONS AGAINST THE TIME WARNER PLAINTIFFS**

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Emmett C. Stanton, Esq.
Fenwick & West LLP
Two Palo Alto Square
Palo Alto, California 94306

Laurence F. Pulgram, Esq.
Fenwick & West LLP
275 Battery Street
San Francisco, CA 94111

Ira P. Rothken, Esq.
Rothken Law Firm
1050 Northgate Drive, Suite 520
San Rafael, CA 94903

Scott P. Cooper, Esq.
Proskauer Rose LLP
2049 Century Park East
Suite 3200
Los Angeles, California 90067

Robert H. Rotstein, Esq.
McDermott, Will & Emery
2049 Century Park East
34th Floor
Los Angeles, California 90067

1  I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on December 12, 2002, at Los Angeles, California.

*Denise Nogueiras*
Denise Nogueiras