# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

Case No. CV 01-9358-FMC (Ex)            Date: January 16, 2003

Title: PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.

## DOCKET ENTRY

**PRESENT:**

HON. CHARLES F. EICK, JUDGE

STACEY PIERSON          N/A
DEPUTY CLERK            COURT REPORTER

**ATTORNEYS PRESENT FOR PLAINTIFFS**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

None                                     None

**PROCEEDINGS:    (IN CHAMBERS)**                            (Page 1 of 3)

      The Court has read and considered all papers submitted in support of and in opposition to Defendants' "Ex Parte Motion for Order Requiring Plaintiffs to Produce Movielink and Movies.Com Investigation Deposition Transcripts" ("the motion"), filed January 14, 2003. The Court has taken the motion under submission without oral argument. The motion is granted in part.

      Plaintiffs apparently concede that this Court's April 26, 2002 Minute Order would require production of the subject transcripts if the transcripts were within Plaintiffs' "control," within the meaning of Rule 34 of the Federal Rules of Civil Procedure. Plaintiffs argue they lack "control" of the transcripts because: the deponents never requested transcripts of their depositions; the deponents are not Plaintiffs (only employees or former employees of Plaintiffs); the Department of Justice conceivably might refuse the deponents' requests for transcripts; and an order compelling production impermissibly would require the creation of documents not already in existence. None of these arguments justifies the complete denial of the motion.



448

MINUTES FORM 11                                          Initials of Deputy Clerk
CIVIL-GEN                         D-M

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No. <u>CV 01-9358-FMC (Ex)</u>            Date: <u>January 16, 2003</u>

Title: <u>PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.</u>

---

## DOCKET ENTRY

---

**PRESENT:**

    HON. <u>CHARLES F. EICK</u>, JUDGE

| <u>STACEY PIERSON</u> | <u>N/A</u> |
|---|---|
| DEPUTY CLERK | COURT REPORTER |

**ATTORNEYS PRESENT FOR PLAINTIFFS**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

    None                                                      None

**PROCEEDINGS:**    (IN CHAMBERS)                        (Page 2 of 3)

      The most analogous case appears to be <u>In re Domestic Air Transportation Antitrust Litigation</u>, 142 F.R.D. 354 (N.D. Ga. 1992). There, as here, corporate parties argued "that because they do not have a right under the [Antitrust Civil Process] Act to obtain the [Department of Justice CID] transcripts that a witness has not requested herself, they do not have 'control' of the transcripts for purposes of discovery." <u>Id.</u> at 356. There, as here, corporate parties also argued that a production order would require that the witness "create a document that is not already in existence." <u>Id.</u> at 357 n.4. The court rejected these arguments, finding that the corporate parties must "produce the transcripts of those employees and ex-employees over whom [the corporate parties] have control." <u>Id.</u> at 356; <u>see</u> <u>Herbst v. Able</u>, 63 F.R.D. 135, 136-38 (S.D.N.Y. 1972) (holding that, under Rule 34, a corporate party must request that a former employee witness procure a copy of "private testimony before the SEC"); <u>see also</u> <u>In re Woolworth Corporation, Securities Class Action Litigation</u>, 166 F.R.D. 311, 312-13 (S.D.N.Y. 1996) (directing non-party witness to request SEC investigation transcript).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. <u>CV 01-9358-FMC (Ex)</u>                                    Date: <u>January 16, 2003</u>

Title: <u>PARAMOUNT PICTURES CORPORATION, et al. v. REPLAYTV, INC., et al.</u>

**DOCKET ENTRY**

PRESENT:

HON. <u>CHARLES F. EICK,</u> JUDGE

<u>STACEY PIERSON</u>                                           <u>N/A</u>
DEPUTY CLERK                                                COURT REPORTER

ATTORNEYS PRESENT FOR PLAINTIFFS         ATTORNEYS PRESENT FOR DEFENDANTS:

None                                                        None

PROCEEDINGS:   (IN CHAMBERS)                                (Page 3 of 3)

Plaintiffs principally rely upon <u>dicta</u> from <u>In re Air Passenger Computer Reservation Systems Antitrust Litigation</u>, 116 F.R.D. 390, 392 (C.D. Cal. 1986). The cited case did not discuss the meaning of "control" and specifically "did not address the question of whether, in an appropriate case, an employee under the control of a corporate defendant could be ordered to obtain a copy of her transcript." <u>In re Domestic Air Transportation Antitrust Litigation</u>, 142 F.R.D. 354, 356 (N.D. Ga. 1992).

The present record is insufficient for this Court to determine over which witnesses Plaintiffs have "control" for the purpose of obtaining the subject transcripts. Furthermore, the motion seeks relief, such as interrogatory-type information, beyond the scope of the April 26, 2002 Minute Order. Therefore, for the present, relief is limited to the following: (1) Plaintiffs forthwith shall request in writing from each current or past employee or agent who has been deposed by the United States Department of Justice that such person: (a) promptly request in writing an expedited transcript of his or her deposition, including exhibits; and (b) promptly provide the transcript with exhibits to Plaintiffs if and when the transcript with exhibits is received; and (2) Plaintiffs promptly shall produce to Defendants all transcripts and exhibits received in response to Plaintiffs' request. Defendants shall bear all reasonable attendant costs.

cc:   Judge Cooper
      All Counsel of Record

MINUTES FORM 11                         D-M                         Initials of Deputy Clerk
CIVIL-GEN